[Civ. No. 4591.   Second Appellate District, Division Two.—April 29, 1927.]

HAROLD L. TREAT et al., Appellants, v. LOS ANGELES GAS & ELECTRIC CORPORATION (a Corporation), Respondent.

[1] CONSTITUTIONAL LAW—STATUTES—TITLE OF ACT—SUBJECT MATTER OF LEGISLATION — POWER OF LEGISLATURE. — Under Section 24, article IV, and section 22, article I, of the constitution, the legislature may insert in a single act all legislation germane to the general subject as expressed in its title and within the field of legislation suggested by that title.

---

1.   Matters germane to subject of statutes, notes, 64 **Am. St. Rep.** 70; 79 **Am. St. Rep.** 460. See, also, 23 Cal. Jur. 648; 25 R. C. L. 843.

[2] WORKMEN'S COMPENSATION ACT—DEATH OF EMPLOYEE—COMPENSATION TO NONDEPENDENTS—TITLE OF ACT.—The Workmen's Compensation Act covers the entire field of workmen's compensation and substitutes the plan therein enacted for all prior rights and all actions of any and every person as against the employer based upon the fact of the death of the employee, and provisions for compensation to nondependents after an employee's death by injury are within the scope of the act as expressed in its title.

[3] ID.—RIGHT OF ACTION FOR WRONGFUL DEATH—STATUTES—JURISDICTION OF LEGISLATURE.—The right of action for wrongful death is unqualifiedly a matter of statutory provision and completely within the jurisdiction of the legislature.

[4] ID.—DEATH—EXISTENCE OF RIGHT OF ACTION—POLICE POWER.— The existence of the right of action for wrongful death may be abrogated in whole or in part by legislative enactment, and the mere fact that the Workmen's Compensation Act is a police regulation does not militate against the authority of the legislature to incorporate therein a provision indisputably within the right of that body to enact independently of the exercise of the police power.

[5] ID.—REMEDIES—NONDEPENDENT PARENTS.—The provision of paragraph 4b of section 6 of the Workmen's Compensation Act that "this shall be the exclusive remedy" is applicable to a case wherein nondependents bring action for the death of their son while employed by defendant, since, where the conditions of compensation exist, section 9, paragraph 3, subdivision (c), requires the payment of benefits by the employer upon the death of the employee.

[6] ID.—LIABILITY OF EMPLOYER—STATUTORY CONSTRUCTION.—Section 6 (a) of the Workmen's Compensation Act, which provides that the compensation provided by the act shall be "in lieu of any other liability whatsoever to any person," is not to be regarded in a narrow sense as excluding other liability than to the employee and his dependents alone, but in the broader view of the exclusion of liability on the part of the employer to any person whatsoever by reason of the injury accruing to the employee whether such person be a dependent or nondependent.

[7] ID.—DEATH BENEFITS—ACTIONS—SECTION 376, CODE OF CIVIL PROCEDURE.—Section 9, paragraph 3, subdivision (c) of the Workmen's Compensation Act, which provides that the death benefit to a deceased employee leaving no dependents shall consist of burial expenses and such other benefit as may be prescribed by law, does not authorize a right of action under section 376 of the Code of Civil Procedure.

---

3. Right of action for death as purely statutory, note, 70 **Am. St. Rep.** 669. See, also, 8 **Cal. Jur.** 748; 8 **R. C. L.** 919.

5. See 27 **Cal. Jur.** 262.

[8] ID.—OTHER BENEFITS—STATUTORY CONSTRUCTION.—Any benefit, to come within the purview of the phrase "other benefit" mentioned in section 9, paragraph 3, subdivision (c) of the Workmen's Compensation Act, must be one of such a character as to be dealt with and administered under the scheme of the act and under the direction of the commission, as provided in subdivision (d), paragraph 3, of section 9.

[9] ID.—CONDITIONS OF COMPENSATION—DEPENDENTS AND NONDEPENDENTS.—The conditions of compensation under the Workmen's Compensation Act are, that an injury has occurred to someone, that the person injured was an employee, that at the time of the injury both he and the employer were subject to the compensation provisions of the act, that at that time the employee was performing a service growing out of and incidental to his employment, that he was acting within the scope thereof, and that the injury was proximately caused by the employment, not due to the employee's intoxication, or intentionally self-inflicted. If these facts exist, the conditions of compensation are present, and it is immaterial whether the person making a claim based upon the injury to the employee is dependent or nondependent.

[10] ID.—INTERPRETATION OF ACT—PUBLIC POLICY—COURTS.—In interpreting the Workmen's Compensation Act, courts cannot give weight to their ideas of the wisdom of the law to effectuate a result calculated to subserve the public welfare, such considerations being for the legislature and not for the judicial department of the government.

[11] PARENT AND CHILD—INJURIES RESULTING IN DEATH OF MINOR EMPLOYEE—ACTION BY PARENTS—PLEADING—DEMURRERS.—In an action under section 376 of the Code of Civil Procedure for the wrongful death of a minor, the trial court properly sustained a demurrer to the complaint, which alleged that plaintiffs were the parents of the minor, who was employed by the defendant corporation, and while so employed received injuries resulting in his death, and further stating that plaintiffs were not dependent upon the earnings of deceased for their support.

---

(1) 36 Cyc., p. 1029, n. 25.    (2) 36 Cyc., p. 1045, n. 5.    (3) 17 C. J., p. 1184, n. 29.    (4) 17 C. J., p. 1192, n. 91; Workmen's Compensation Acts, C. J., p. 15, n. 12.    (5) Workmen's Compensation Acts, C. J., p. 138, n. 82.    (8) Workmen's Compensation Acts, C. J., p. 99, n. 50.    (10) 12 C. J., p. 885, n. 9, p. 887, n. 38; Workmen's Compensation Acts, C. J., p. 12, n. 70.

10. Judicial inquiry into wisdom, policy, or motives prompting enactment of statute, note, 1 Ann. Cas. 570. See, also, 5 Cal. Jur. 717; 23 Cal. Jur. 638; 6 R. C. L. 107; 25 R. C. L. 808.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

John C. Miles and Bertrand J. Wellman for Appellants.

Paul Overton, S. W. Guthrie, Douglas Van Dyke and Samuel Poorman, Jr., for Respondent.

CRAIG, Acting P. J.—This action is one in which the appellants alleged that they were the parents of a minor eighteen years of age, who was employed by the defendant corporation, and while so employed received injuries which resulted in his death. It is expressly stated that "plaintiffs were not at the time dependent either in part or in whole upon the earnings of said deceased for their support." A demurrer to the complaint was interposed, which was sustained, and appeal is taken from the judgment in favor of the defendant thereafter rendered upon such ruling.

The principal point made by the appellants is that only employees and their dependents are within the scope of the Workmen's Compensation, Insurance and Safety Act, and that the plaintiffs herein are therefore entitled to sue and recover under section 376 of the Code of Civil Procedure. Several reasons are urged in support of this position, and it is also seriously argued that any law which would compel employers without fault to pay benefits to nondependents would be unconstitutional, as beyond the police power; so, also, that such provisions of the Workmen's Compensation Act which purport to take away any right of action for wrongful death of a minor employee as heretofore created to nondependent parents by section 376 of the Code of Civil Procedure are unconstitutional.

[1] It is said that provisions in the Workmen's Compensation Act dealing with nondependents are not within the scope of the act as indicated by its title, and are void under section 24, article IV, and section 22, article I, of the constitution of, California. Under these sections the legislature may insert in a single act all legislation germane to the general subject as expressed in its title and within the field of legislation suggested by that title. (*Hunt* v.

*Manning*, 24 Cal. App. 44 [140 Pac. 39]; *People* v. *Jordan*, 172 Cal. 391 [156 Pac. 451].)

In *Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407 [Ann. Cas. 1917E, 390, 156 Pac. 491], after calling attention to the fact that at common law the right of action of the injured person and that of representatives for a wrongful act causing death were entirely distinct, our supreme court states that this new scheme provided by the Workmen's Compensation Act "undertakes to supersede the common law altogether, and to create a different standard of rights and obligations, covering the entire field of injury to workmen in the course of their employment. . . . We think the language of the constitutional amendment was not inapt to describe a scheme of liability which should include the entire field embraced within the prior laws. . . . Compensation to employees for injuries incurred by them may fairly be said to mean not only a money payment to the employee himself, but provision or indemnification for the various elements of loss which may be the direct result of his injury."

[2] The purposes of the act in question as set forth in its title, comprehensively stated, are "to promote the comfort, health, safety and general welfare of the people of this state as affected by injury causing the disability or death of employees in the course of their employment, . . . " The major objects which this involves, as the title indicates, are provision "for a complete plan of workmen's compensation by creating a liability on the part of the immediate employers" (in other words, to provide all liability of the employers from the aforementioned causes), and "to compensate employees and their dependents for such disability or death, irrespective of the fault of any party."

It is clear that to accomplish this purpose the scheme was intended to cover the entire field and substitute the plan here enacted for all prior rights and all actions of any and every person as against the employer based upon the fact of the death of the employee. Among the theretofore existing claims required to be taken into account, those of nondependents of the employee were relatively of minor importance. Such rights, however, are surely "germane to the general subject" as expressed in the portions of the title above quoted, and within the "field of legislation therein expressed." If, in return for added liability upon the part of the employer, such as liability to make compensation

even where the injury was not in any way attributable to fault upon his part, some adjustment was to be made by way of relieving him of former burdens, in the whole realm involved, what better place to begin than by eliminating the cause of action of persons in no way dependent upon the deceased employee for support? Legislation disposing of such claims is undoubtedly germane to the topic of the liability of the employer through the death of the employee. Indeed, the statute would seem to be inadequate as a "complete plan of workmen's compensation," as the subject is in the title avowed to be, without some provision in reference to the claims theretofore existing of nondependents.

[3] Both of the contentions advanced by appellant, that the right to compensation of nondependent heirs is a property right and may not be abrogated by statute, and that (upon the assumption that such right of nondependents is not the subject of regulation under the police power) to deal with it under the Workmen's Compensation Act would be unconstitutional are disposed of by the mere recognition of the fact that the right of action for wrongful death is unqualifiedly a matter of statutory provision and completely within the jurisdiction of the legislature.

[4] It follows that the existence of such a right may be abrogated in whole or in part by legislative enactment. If this be so, the mere fact that the Workmen's Compensation Act is a police regulation does not militate against the authority of the legislature to incorporate therein a provision indisputably within the right of that body to enact independently of the exercise of the police power. We are cited to no authority, and know of none, upholding the proposition that in the exercise of the police power the legislature must confine itself to acts deriving authority from that source alone.

[5] Appellants assert that the act gives nondependents no compensation and that hence the provision of section 6, paragraph 4b, that "this shall be the exclusive remedy" has no reference to them. The assumption that none but dependents are entitled to benefits is erroneous, for, where the conditions of compensation exist, section 9c, 3, requires the payment of benefits by the employer upon the death of the employee. It is clear that here we have a provision by which some nondependent persons shall receive a benefit which the employer shall pay. It is declared by section

6, 4b, that where the conditions of compensation exist pursuant to the provisions of this act the right to recover compensation under it shall be the exclusive remedy against the employer, and that section 9c, 3, has reference to cases where the conditions of compensation exist cannot be disputed. [6] Also, section 6a states that liability for the compensation provided by the act shall be in lieu "of any other liability whatsoever to any person." We think this declaration of the legislature is not to be regarded in the narrow sense argued by appellants as excluding other liability than to the employee and his dependents alone, but in the broader view of the exclusion of liability on the part of the employer to any person whatsoever by reason of the injury accruing to the employee whether such person be a dependent or nondependent.

[7] Appellants call attention to section 9c, 3, which reads as follows: "If no dependents. If the deceased employee leaves no person dependent upon him for support, the death benefit shall consist of the reasonable expense of his burial, not exceeding one hundred dollars and such other benefit as may be provided by law."

It is insisted that the words "and such other benefit as may be provided by law" include the right of action authorized by section 376 of the Code of Civil Procedure. Considering the context as well as the language in question, we cannot think that an action at law was intended to be classed as a benefit as that word is used in the act. That compensation includes benefits also mentioned therein is clear, for section 9 states that where liability for compensation under this act exists the same shall be paid by the employer and be "as provided in the following schedule." Included within this schedule are the death benefits. [8] Whatever the legislature may have had in mind, it is certain that any benefit, to come within the purview of the phrase "other benefit" mentioned in section 9c, 3, must be one of such a character as to be dealt with and administered under the scheme of the Workmen's Compensation, Insurance and Safety Act, and under the direction of the commission, for in the section which follows that last referred to, to wit, 9d, it is said that payment of compensation in accordance with the order and direction of the commission shall discharge the employer from all claims therefor. There is nothing in this language to indicate that the "other benefit"

referred to in section 9c, 3, is excepted from the provision
of section 9d. This consideration alone is enough to demon-
strate that a suit for damages in a court could not have been
contemplated. It seems obvious that the benefits intended
were others of the same character as those referred to in
section 9c, 1, 2, and the first part of 3, or others which might
be provided by subsequent amendment of this act or by other
acts having to do with the same subject.

[9] Appellants assert that where no dependents survive
the employee the conditions of compensation do not exist, and
hence that the provisions of the act have no application to
the rights of such nondependents to maintain any action to
which they would have recourse without regard to the Work-
men's Compensation Act. This idea results from a mistaken
notion of the meaning of the term "conditions of compensa-
tion." The conditions referred to are, that an injury has
occurred to someone, that the person injured was an em-
ployee, that at the time of the injury both he and the
employer were subject to the compensation provisions of the
act, that at that time the employee was performing a service
growing out of and incidental to his employment, that he
was acting within the scope thereof, and that the injury
was proximately caused by the employment, not due to the
employee's intoxication, or intentionally self-inflicted. If
these facts exist, the conditions of compensation are present,
and the identity of the person who may attempt to make
a claim based upon the injury to the employee, or his rela-
tion to the latter, cannot in any way affect the application
of the provisions of the act, or remove the case from that
class where the "conditions of compensation" exist.

[10] Concerning that portion of appellants' argument
which appears to be addressed to considerations of public
policy, in its advocacy of a construction upon the various
provisions of the act which are involved in this discussion,
which they aver would better subserve the purpose of mak-
ing it a "safety law" as well as a compensation act, we can
only say that where the legislature has expressed itself un-
equivocally, courts cannot give weight to their ideas of the
wisdom of a law to effectuate a result calculated to subserve
the public welfare. Such considerations are for the legis-
lature and not for the judicial department of the govern-
ment. By the terms of this act it has been provided that
where an employee is injured "by reason of the serious and

wilful misconduct of the employer . . . the amount of compensation otherwise recoverable from injury or death . . . shall be increased one-half.'' Also, the employer who violates any safety provision of the act is guilty of a misdemeanor. It is apparent that by these provisions the legislature intended to remove the evil of serious and wilful misconduct of employees, and to insure compliance with the safety provisions which they had enacted.

[11] We think the demurrer to the complaint was properly sustained on the ground that it failed to state a cause of action, and the judgment is affirmed.

Thompson, J., and Johnson, J., *pro tem.*, concurred.