BESSIE MILLER ET AL., RESPONDENTS, v. HOTEL SAVOY COMPANY, APPELLANT.—68 S. W. (2d) 929.

Kansas City Court of Appeals. January 29, 1934.

464

*Clif Langsdale* and *Roy W. Rucker* for respondent.

*Harris & Koontz* for appellant.

SHAIN, P. J.—This suit was instituted under the provisions of Article 1 of Chapter 27, Revised Statutes 1929, by Bessie Miller and Claude Knock, the mother and father of Claude Knock, Jr., as plaintiffs, and against Hotel Savoy Company, a corporation, as defendant. It appears that the plaintiffs had formerly been husband and wife and that their son, Claude Knock, a minor of sixteen years of age, while operating an elevator in a hotel being operated by the defendant in Kansas City, Missouri, had been killed. It appears that young Knock was at the time of his death substituting for a regular employee, who was absent upon vacation, and the plaintiffs plead that the son was in the employ and being paid by the employee for whom he was substituting.

The plaintiffs plead that the defendant's elevator, upon which the boy was killed, was maintained by defendant in a negligent manner in that said elevator would start up without the aid of anyone and without anyone having moved or put in motion any of the contrivances or machinery which would ordinarily and normally be put in motion to cause said elevator to start up.

The plaintiffs allege that while the minor son was engaged in operating the said elevator it was stopped by him at the first floor; that he had gotten out upon the floor and that while he was standing there the elevator suddenly started up of its own accord; that the boy attempted to get in the elevator and stop it; and that he received injury causing his death.

The defendant, for answer, pleads contributory negligence alleging that the son of plaintiffs negligently attempted to board the elevator when it was too near the ceiling and when it was dangerous to make such an attempt; further, that it had complied with the provisions of the Workmen's Compensation Law, that defendant and Claude Knock, Jr., were subject to the provisions of said act, and that the Circuit Court of Jackson County, Missouri, was without jurisdiction.

Plaintiffs in reply present that, by reason of age of plaintiffs' son, his employment was illegal by reason of a city ordinance precluding

defendant from employing a minor of the age of their son and for that reason the Workmen's Compensation Act could not control; further, that the provisions of the Workmen's Compensation Act neither deprives or attempts to deprive them of their cause of action under Sections 3262 and 3263, Revised Statutes 1929, for the reason that such an interpretation would deprive them of their rights under the provisions of Section 30, Article 2, of the Constitution of Missouri.

The above coming by way of reply does not raise a constitutional question for our determination but only presents for our consideration a question as to the application thereof.

Based upon a denial wherein plaintiffs in reply deny that their son was not in the employment of the defendant within the meaning of the Workmen's Compensation Act, the plaintiffs present further that their son was but a casual employee, if an employee.

Trial was by jury and verdict was for plaintiffs in the sum of $6,250. Judgment was entered in accordance with the verdict and the defendant appeals.

The defendant, appellant herein, presents under points and authorities twelve assignments of error. The first assignment is claim of error in the refusal of peremptory instruction offered by defendant. Five of the specifications are as to admission and refusal of evidence. Five are specific claims of error as to the giving and refusal of instructions. Specification twelve makes claim that the verdict of the jury was excessive.

Outside of specification of error one and twelve, no authority is cited in support. As to claims of error as to admission and refusal of evidence, the assignment but states that it was error to permit certain witnesses to testify to some stated fact or error to refuse a witness to testify to some fact. There is no attempt to state why error. No attempt is even made to refer to what part of the record the objectionable matter is recorded. The course followed is presumptive to the effect, that we will carefully scan the record in search of error and will carefully look up the law when in doubt. While such a presumption is highly complimentary to the court, still we would prefer less compliment and more specific assignment of error and citation of authority in support.

As to the assignments of error in regard to admission and refusal of evidence, we have carefully gone over the record and conclude that there is no such prejudicial error as to justify a reversal.

We are told in defendant's brief that plaintiffs' instructions one and four are in error and that the refusal of defendant's Instructions D, F, G and H presents error. No reason is assigned and no authority is cited. *De hors* the record, we would say that a position on an appellate bench does not entirely eliminate the judge from the practice of law.

We have examined plaintiffs' instructions one and four and find no error therein. As to defendant's refused Instructions D and G, the same are drawn upon the theory presented, that the employment of plaintiffs' minor son came within the provisions of the Workmen's Compensation Act. The instructions are error or not error in accordance with conclusions as to that issue, which we present below.

We conclude defendant's Instruction F was properly refused because the same does not correctly define the duty of defendant as to the deceased boy.

We conclude that defendant's Instruction H was properly refused for the reason that defendant's liability is not necessarily determined by the statements therein contained.

Coming to the issue presented by defendant's claim of error in refusal of demurrer to the evidence, we conclude there is sufficient evidence to raise an issue of fact for the jury, if it be concluded that the plaintiffs have a cause of action arising out of rights based upon the provisions of Article 1 of Chapter 27, Revised Statutes 1929.

It is contended, however, by the defendant, that the facts and circumstances as presented as to the injury and death of the minor son of plaintiffs, present a matter controlled by the provisions of the Workmen's Compensation Act. If the defendant's contention in this respect be correct, the circuit court, of course, had no jurisdiction of the subject-matter of the suit.

The plaintiffs, respondents herein, have specifically taken the position that there is nothing in the Workmen's Compensation Act that deprives parents of a minor child, upon whom they are not dependent and from whom they are not receiving support, from pursuing their right of action for the death of their minor child, under the provisions of Sections 3262 and 3263 of Revised Statutes 1929.

So far as we are able to find, the appellate courts of this State have not to this date given construction of the act in respect to the question as presented.

In defining the rights and remedies under the act, Section 3301, Revised Statutes 1929 provides as follows:

"The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death, *except such rights and remedies as are not provided for by this chapter.*" (Italics ours.)

In connection with the above provision, it becomes necessary to consider the provisions of Section 3319, Revised Statutes 1929, which is as follows:

"(a) In all cases the employer shall pay direct to the persons furnishing the same the reasonable expense of the burial of the deceased

employee not exceeding one hundred and fifty dollars, and, if not covered by the provisions of section 3311, the reasonable expense of his last sickness not exceeding two hundred and fifty dollars. But no person shall be entitled to compensation for the burial expenses of a deceased employee unless he shall have furnished the same by authority of the widow or widower, the nearest relative of the deceased employee in the county of his death, his personal representative, or the employer, who shall have the right to give such authority in the order named. All fees and charges under this section shall be fair and reasonable, shall be subject to regulation by the commission and shall be limited to such as are fair and reasonable for similar service to persons of a like standard of living. The commission shall also have jurisdiction to hear and determine all disputes as to such charges. If the deceased employee leaves no dependents the death benefit in this subsection provided shall be the limit of the liability of the employer *under this chapter* on account of such death.'' (Italics ours.)

From a careful reading of the Workmen's Compensation Act, we find there is no provision therein for any compensation to the parents of minors who are employed, unless, as is provided for in paragraph (b) of Section 3319, Revised Statutes 1929, wherein the parents are total dependents of the minor.

The provision to pay a person furnishing expenses of burial and reasonable expenses of last sickness, we conclude, does not express the intent of the Legislature to bar parents of minors for the pecuniary loss, if any, caused as a direct result of the death of their minor son.

We, therefore, conclude that the evidence in the case at bar brings the cause of action within a class of rights and remedies which are not provided for in the Workmen's Compensation Act and that plaintiffs are not precluded from bringing action under Section 3263 of Revised Statutes 1929. Referring back to Instructions D and G discussed above, we conclude same were properly refused by reason of the conclusion above.

Having clearly defined and stated our conclusion, as stated above, which clearly sustains the position of plaintiffs, respondents herein, we, to the end of clarity as to our conclusion, refrain from comment on questions of the city ordinance and as to the plaintiffs' son being a casual employee.

Going to the issue of demurrer, the plaintiffs cite Kelly v. Benas, 217 Mo. l. c. 9, and other cases dealing with question of volunteers, bare licensees and trespassers, we conclude that the evidence in this case does not justify the application of the matters discussed therein.

Defendant further cites Carrigan v. Western Radio Co. et al., 44 S. W. (2d) 245, wherein is discussed the question of a casual employee. In the Carrigan case there was an oral contract of general

employment and nothing said as to the length of employment or the exact nature of duties to be performed. We conclude that the opinion in the above case is based upon an entirely different state of facts than presented in the case at bar. We have, however, stated our conclusion that the Workmen's Compensation Act is not involved for other reasons given and need not comment further on the Carrigan opinion.

The defendant urges that the verdict is excessive.

The presentation of the claim of excessive verdict always presents its difficulties to an appellate court. In the first place, the amount of damages to the parents for the death of a minor child is a question for a jury. After the jury has found a verdict, the question, excess of verdict, becomes one for the trial court in passing on motion for a new trial. Our appellate court have often commented upon the fact of the better opportunity of the trial court to pass upon this question.

In an opinion of this court by WILLIAMS, C., Klusman et ux. v. Harper et al., reported in 298 S. W. 121, it is said: "The difficulty of producing evidence as to loss sustained by the death of a child of tender years is so great that dependence must be placed, to some extent, at least, in the knowledge and experience of the jury." The child in the Klusman case was six years old and the verdict for $7,166.67 was upheld.

It has repeatedly been held by the courts in this State, that the nature of the loss of a minor child is such, that it is proper "for the jury to exercise their own judgment upon the facts and proof by connecting them with their own knowledge and experience which they are supposed to possess in common with generality of mankind." [Roberts v. Kansas City Rys. Co., 228 S. W. 902.]

As the verdict is within the limits prescribed by the law, as a jury possessed with such exercise of judgment as defined above, has passed upon the amount and as the trial court has passed upon the question in considering motion for new trial, we conclude that we are not justified in saying that the amount of the judgment is excessive.

As there is evidence in support of plaintiffs' allegations of negligence; as no fact or circumstance appears in the record which would justify a court to take the case from the jury, by reason of contributory negligence, we have concluded that the plaintiffs are not barred from bringing their action under the provisions of Section 3263 of Revised Statutes 1929, and as we find nothing in the conduct of the trial that presents prejudicial error, the judgment is affirmed. All concur.