No. 39,921

Ruby M. Neville, Administratrix of the estate of Loren Dean Nite, deceased, Appellant, v. Wichita Eagle, Inc., Appellee.

(294 P. 2d 248)

Opinion filed February 29, 1956.

Paul V. Smith, of Wichita, argued the cause, and Douglas E. Shay, and Dean Matthew, both of Wichita, were with him on the briefs for the appellant.

Robert N. Partridge, of Wichita, argued the cause, and George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, and Robert M. Siefkin, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for wrongful death. The defendant's demurrer to the plaintiff's amended petition was sustained and she appeals.

The principal question involved and argued is whether the work-

men's compensation act provided an exclusive remedy and precluded the plaintiff from maintaining an action for wrongful death. Our review of the amended petition is therefore limited.

The gist of the amended petition was that plaintiff was the administrator of the estate of Loren Dean Nite, and that defendant was a corporation operating an establishment wherein newspapers were printed; that Loren Dean Nite who was sixteen years of age was an employee of defendant and was killed on May 21, 1953, as the result of defendant's negligence; that defendant had in operation in its plant an electrically-powered elevator or hoist with rigid platforms, which moved in guides in a substantially vertical direction, designed to carry newspapers and other materials from floor to floor of its building, but the load capacity of which is not alleged, and Loren Dean Nite, under the defendant's direction operated the elevator to carry newspapers from the press room to the floor below. It was alleged this elevator was defective in specified particulars. Allegations as to damages are not presently material. Plaintiff also alleged that defendant had filed an election to come under the workmen's compensation act, and that Loren Dean Nite had filed no election either to come or not to come under that act, but for two reasons the instant action was not barred by the provisions of that act. The first reason alleged was that Loren Dean Nite left no dependents and therefore no compensation was recoverable under the act for his death. The second reason alleged was that at all times the Fair Labor Standards Act of the United States, as amended, was in force and governed labor conditions of industries in commerce, in which the defendant was engaged, and that the Secretary of Labor, authorized so to do, by order declared certain occupations as to minors between sixteen and eighteen years of age to be particularly hazardous, and that Loren Dean Nite was unlawfully employed by the defendant. Attached to the amended petition was a copy of an order declaring as to such age group the operation of an elevator was particularly hazardous and detrimental to their health or well-being. Reference is later made as to the terms of the order.

The defendant's demurrer to the amended petition, on the ground it failed to state a cause of action, was sustained and the plaintiff perfected her appeal from that ruling. The journal entry of the ruling does not specify any particular reason why the trial court considered the allegations of the amended petition insufficient.

Appellant's first contention is that the workmen's compensation act does not bar the present action because the deceased workman left no dependents and therefore no compensation was recoverable under the act. In her argument appellant makes no contention that any provision of the workmen's compensation act (G. S. 1949, Ch. 44, Art. 5, as amended) authorized the maintenance of any action either at common law or by reason of G. S. 1949, 60-3203, 3204, providing for actions for wrongful death. She recognizes that under G. S. 1949, 44-501, it is declared that:

"Save as herein provided no such employer shall be liable for any injury for which compensation is recoverable under this act: . . ." ·

but contends that because the deceased workman left no dependents, no compensation was recoverable and his widow or next of kin may maintain an action for his wrongful death. In connection she directs our attention to G. S. 1953 Supp., 44-510 (2), in effect at the date of the workman's death, providing that the amount of compensation, where death results from the injury, is due to the workman's dependents and if there be none, to those partially dependent on him, to the allegation of her petition that the deceased workman left no dependents, and she argues that there being no dependents, there was no "injury for which compensation is recoverable" under the act, the saving clause above quoted does not preclude her and she may maintain the action. She cites no decision of this court in support of that contention but relies on *Miller v. Hotel Savoy Co.,* 228 Mo. App. 463, 68 S. W. 2d 929. The above opinion of the Kansas City Court of Appeals need not be reviewed here. That court held in a somewhat similar factual situation that the parents could maintain the action as such action was one not provided for or precluded by the state compensation act. However in the later case of *Holder v. Elms Hotel Co.,* 338 Mo. 857, 92 S. W. 2d 620, the Supreme Court of Missouri commented on the Miller decision saying it did not approve of the expression in the Miller case that the phrase "not provided for by this chapter" meant "not compensated for by this chapter." The Miller decision is not persuasive here.

In our opinion the appellant's contention as to a proper interpretation of our workmen's compensation act cannot be sustained. Under the opening section of the act (G. S. 1949, 44-501), it is provided that if in any employment to which the act applies, personal injury is caused to a workman, his employer shall "subject as here-

inafter mentioned" pay compensation "in accordance with the provisions of this act." Then follows the saving clause quoted above and which appellant contends excuses her from the operation of the act. Although not cited in the briefs of either party we note that under G. S. 1953 Supp., 44-510 (3) (28), it is provided that "Where a minor or his dependents are entitled to compensation under the provisions of this act, such compensation shall be exclusive of all other remedies or causes of action for such injury or death, and no claim or cause of action against said employer shall inure or accrue to or exist in favor of the parent or parents of such minor employee on account of any damages resulting to such parent or parents on account of the loss of earnings or loss of service of such minor employee." It is clear from the act that if the workman dies, his dependents under the conditions specified are to receive compensation. G. S. 1953 Supp., 44-510, deals with the amount of compensation and under subdivision (1) specifies the treatment and care to be given an injured employee; under subdivision (2) (a) provides what is due in event of the workman's death leaving persons wholly dependent on his earnings, the amount being reduced and limited if they are not citizens of or residing in the United States; and (2) (b) if there are no such dependents, what is due those partially dependent on the workman's earnings; and (2) (d) in all cases of death the employer shall pay reasonable expenses of burial not exceeding $450. And we note the last provisions of (2) that marriage of a dependent terminates his right of compensation, and that when any minor dependent, not physically or mentally unable of wage earning, shall become eighteen years of age, his compensation shall cease. It thus appears that depending on a particular set of facts, the employer may be relieved from paying the gross sum he might otherwise be liable for under the act. It appears that the liability of the employer to pay compensation where death results from the injury is that fixed by the section of the statute under consideration and that liability is to dependents as that word is defined in G. S. 1949, 44-508 (j), not to those named as next of kin but who do not qualify under the above definition. We note also that in any event under G. S. 1953 Supp., 44-510, the employer shall pay expenses of burial not exceeding $450. We shall not discuss whether such a charge is compensation, but certainly it is a liability with which the employer is charged, and in a proper case is subject to distribution where there are no dependents (G. S. 1949, 44-513).

The precise question now before us has not been determined by any previous decision of this court. In our opinion G. S. 1949, 44-501, providing an employer is liable to pay compensation to his workman in accordance with the act, if his business brings him within the act, and save as provided no employer shall be liable for such injury for which compensation is recoverable, with certain provisos not necessary to detail, and also 44-510, do not mean his immunity from further liability depends on whether he actually pays compensation, but on whether, measured by the terms of the act, he is liable to pay compensation to those who may be entitled under the act. If the workman dies as a result of his injury, the employer has liability to his statutory dependents and to no other person. We think recovery for death from injuries sustained by a workman under the compensation act, must be recovered within the terms of that act, and that if the workman die, his administrator or the next of kin may not by alleging there were no dependents avoid the effect of the workmen's compensation act and thus maintain an action for wrongful death.

In reaching the above conclusion we need not discuss cases like *Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 98 P. 2d 456, and those cited on page 298 of that opinion that the workmen's compensation law is a comprehensive act and covers every phase of a workman's compensation and the procedure for obtaining it, for none of them treat the precise question before us, although analogies to be drawn from them support our conclusion. Our conclusion is in accord with the decisions of the courts of other states. We shall devote no space to the specific facts nor to any difference in the wording of statutes but see *Leong v. Postal Telegraph-Cable Co.*, 66 C. A. 2d 849, 153 P. 2d 204; *Treat v. Los Angeles Gas Etc. Corp.*, 82 Cal. App. 610, 256 Pac. 447; *Atchison v. May*, 201 La. 1003, 10 So. 2d 785; *Shanahan v. Monarch Engineering Co.*, 219 N. Y. 469, 114 N. E. 795; *Bigby v. Pelican Bay Lbr. Co.*, 173 Or. 682, 147 P. 2d 199; and *Patterson v. Sears-Roebuck & Co.*, 196 F. 2d 947.

Appellant's second contention is that the workmen's compensation act does not bar the present action because the deceased workman was unlawfully employed in violation of the provisions of the Fair Labor Standards Act of the United States.

The gist of her argument is that this court has decided that if a minor is unlawfully employed, our workmen's compensation act

does not prevent him from maintaining an action at common law for his damages (*Lee v. Kansas City Public Service Co.*, 137 Kan. 759, 22 P. 2d 942), or, if death results, does not prevent his parents from maintaining an action for his wrongful death (*Hadley v. Security Elevator Co.*, 175 Kan. 395, 264 P. 2d 1076), and that there is no distinction in legal effect whether the employment is unlawful by reason of the law of the state or of the United States. She directs attention to her allegation appellee "was engaged in the production of goods for commerce" and to sections of the Fair Labor Standards Act of the United States, including 29 U. S. C. A. § 203 (l), defining oppressive child labor as including any employee between sixteen and eighteen years of age in any occupation which the Secretary of Labor shall find and by order declare to be particularly hazardous for the employment of such children or detrimental to their health or well-being, to the order promulgated by the Secretary of Labor which includes operations of an elevator with an exception later noted, and to 29 U. S. C. A. § 212 (c), which provides that no employer shall employ any oppressive child labor in commerce or in the production of goods for commerce, and she argues that the deceased minor workman was unlawfully employed at the time of his death and therefore she is entitled to maintain the present action. Appellant cites no decision supporting the contention.

There can be no argument but that rights and duties under the workmen's compensation act are contractual in nature (*Moeser v. Shunk*, 116 Kan. 247, 226 Pac. 784, and *Dean v. Hodges Bros.*, 170 Kan. 333, 224 P. 2d 1028), and that the various provisions of the act show an intention to bring minors within its provisions (*Railway Co. v. Fuller*, 105 Kan. 608, 186 Pac. 127). It would follow that a minor, not otherwise incompetent to do so, is competent to engage in an employment covered by the act, in which event the employer and the employee and those claiming under the employee are bound by the act. Whether the employee is competent to contract is to be determined by the laws of this state, and for the reason that our statutes prohibit employment of children under the age of fourteen (G. S. 1949, 38-601) or under the age of sixteen (G. S. 1949, 38-602) to engage in certain occupations, it was held in *Lee v. Kansas City Public Service Co.*, supra, that a twelve year old boy, and in *Hadley v. Security Elevator Co.*, supra, that a thirteen year old boy, could not enter into a contract of employment covered by

the workmen's compensation act. In the present case the employee, under the laws of this state, was competent to enter into the employment contract, it was a contract within the purview of the workmen's compensation act and the rights and liabilities of the parties were fixed by that act. Appellant seeks to avoid the force of a contract fully legal under our laws, and to maintain a statutory action for wrongful death (G. S. 1949, 60-3203) on the ground the Fair Labor Standards Act of the United States fixes a condition of employment rendering the employment unlawful.

We cannot agree with the appellant's contention. In filing her action to recover for wrongful death appellant sought relief afforded by the statutes of this state and her rights are measured by our statutes. A right to recover for wrongful death is one created by statute and did not exist at common law. (See, e. g., *Cudney v. United Power & Light Corp.*, 142 Kan. 613, 615, 51 P. 2d 28.) Under appellant's contention, she could maintain her present action, but had her deceased workman been in some industry outside the purview of the federal act, she could not have done so. The result would be lack of uniformity of remedy. We hold that the test of the minor's capacity to enter into an employment contract is that fixed by the laws of this state; that the employment was a lawful one under our workmen's compensation act, and that the liabilities of the employer for injury resulting in the workman's death are measured by that act.

Because the matter is not referred to in the briefs, we mention the following only briefly. In her amended petition appellant includes no allegations as to how or in what manner appellee was engaged in interstate commerce, but pleads the conclusion that it was so engaged in such commerce that it was subject to the Fair Labor Standards Act. Assuming that is a sufficient pleading, the next question is whether there was any unlawful employment of the deceased workman under that act and the order promulgated under it. In his order concerning oppressive child labor and defining hazardous occupations pertaining to the employment of minors between the ages of sixteen and eighteen years of age, the Secretary of Labor finds and declares the three occupations involved in the operation of power-driven hoisting apparatus are particularly hazardous for minors in that age group. One is the work of operating an elevator or hoist "except operating . . . an electric or air-operated hoist *not exceeding one ton capacity.*" (Emphasis sup-

plied.) Other findings and declarations are not here applicable. In his definitions, he states that the term "elevator" shall mean any power-driven hoisting or lowering mechanism equipped with a car or platform which moves in guides in a substantially vertical position and shall include both passenger and freight elevators. Other definitions by their terms exclude the situation pleaded here. (See 29 C. F. R. Part 4, Subtitle A § 4.58.) The appellant has failed to plead as to the capacity of the elevator in question, and the facts as pleaded do not justify a conclusion that the work of the deceased workman was within the prohibition of the Fair Labor Standards Act, even though it be held applicable here.

The order and decision of the trial court is affirmed.

HARVEY, C. J., not participating.