J. A. HORNEY, ADMINISTRATOR OF THE ESTATE OF RICHARD EUGENE HORNEY, DECEASED, v. MEREDITH SWIMMING POOL COMPANY, INC., AND DAVID MEREDITH.

(Filed 16 June, 1966.)

**1. Death § 3—**

The right of action for wrongful death is purely statutory and the statute confers the right of action solely upon the personal representative to recover only in those instances in which the decedent, had he lived, would have been entitled to maintain an action for damages. G.S. 28-173.

**2. Same; Master and Servant § 86—**

The personal representative of a deceased employee may not maintain an action for wrongful death of the employee against a fellow employee and the employer for negligent injury causing death inflicted by the fellow employee while both employees were acting in the course of their employment. G.S. 97-10.1.

**3. Same—**

The fact that an employee, fatally injured by the negligence of a fellow employee in the course of their employment, leaves no one either wholly or partially dependent upon him, so that under G.S. 97-40, as then in effect, no one could claim compensation under the Workmen's Compensation Act, does not entitle the personal representative of the employee to maintain an action for wrongful death.

MOORE, J., not sitting.

APPEAL by plaintiff from *Shaw, J.,* February 14, 1966, Civil Session of GUILFORD, Greensboro Division.

Action for damages for wrongful death, heard below on demurrers to (amended) complaint.

Plaintiff's allegations, in brief summary, are narrated below.

The individual defendant (Meredith) was the president of the corporate defendant (Pool Company). Pool Company had more

than five employees. Horney, plaintiff's intestate, and Homer Wood (Wood) were employees of Pool Company; and, on the occasion of Horney's death, both were acting within the course and scope of their employment by Pool Company.

Defendants, knowing that Horney and Wood were totally unskilled in the field of electronics, ordered them, on August 26, 1964, to proceed to a Greensboro residence, then and there to make electrical connections to an underwater light. While waiting for Wood to make the connections, Horney was on the diving board of the pool. Wood negligently and carelessly connected the wires so that the live or "hot wire" from the electrical supply was connected to the "ground wire" of the line. When Wood turned the power supply on, the entire pool with its fixtures, including the diving board, was energized, as a result of which Horney was electrocuted and drowned.

Horney was survived by "his father, his mother, and two sisters only, no one of whom was in any degree dependent for support on the earnings of decedent, either in fact or within the scope of the definitions of 'whole or partial dependents' as the same are set forth" in the provisions of the North Carolina Workmen's Compensation Act, specifically G.S. 97-38 and G.S. 97-40, "as the same were in force and effect on August 26, 1964."

Plaintiff prays that he recover damages in the amount of $200,-000.00.

Separate demurrers were filed by defendants. Each defendant demurred on the ground the court did not have jurisdiction of the subject matter. The court sustained the demurrers and dismissed the action. Plaintiff excepted and appealed.

*Schoch, Schoch & Schoch for plaintiff appellant.*

*Jordan, Wright, Henson & Nichols and Edward L. Murrelle for Meredith Swimming Pool Company, Inc., defendant appellee.*

*Booth, Osteen, Fish & Adams for David Meredith, defendant appellee.*

BOBBITT, J. For purposes of this appeal, we assume, as do the parties in their briefs, (1) that Horney and Pool Company were subject to and bound by the provisions of the Workmen's Compensation Act; (2) that Horney was fatally injured by accident arising out of and in the course of his employment by Pool Company; and (3) that the complaint (sufficiently) alleges Horney's injury and death were proximately caused by the negligence of defendants.

Plaintiff seeks to recover under G.S. 28-173 which, in pertinent part, provides: "When the death of a person is caused by a wrong-

ful act, neglect or default of another, *such as would, if the injured party had lived, have entitled him to an action for damages therefor,* the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors shall be liable to an action for damages, to be brought by the executor, administrator or collector of the decedent; . . ." (Our italics.)

At common law there was no right of action for wrongful death. Such right of action exists only by virtue of said statute. *Armentrout v. Hughes,* 247 N.C. 631, 101 S.E. 2d 793, and cases cited; *In re Estate of Ives,* 248 N.C. 176, 102 S.E. 2d 807, and cases cited. The right of action conferred by said statute vests in the personal representative of the deceased. *Bank v. Hackney,* 266 N.C. 17, 145 S.E. 2d 352, and cases cited.

The right of action for wrongful death "is limited to 'such as would, if the injured party had lived, have entitled him to an action for damages therefor.' " *Goldsmith v. Samet,* 201 N.C. 574, 160 S.E. 835. Hence, the administrator of an unemancipated child whose death is caused by the negligence of his parent has no cause of action against the parent for the wrongful death of the child because such child, if he had lived, would have had no cause of action against the parent on account of his injuries. *Goldsmith v. Samet, supra; Lewis v. Insurance Co.,* 243 N.C. 55, 89 S.E. 2d 788; *Capps v. Smith,* 263 N.C. 120, 139 S.E. 2d 19; 3 Lee, North Carolina Family Law (Third Edition), § 248, pp. 174-175. On like grounds, neither a parent nor his personal representative has an action for wrongful death against an unemancipated child or his representative. *Cox v. Shaw,* 263 N.C. 361, 139 S.E. 2d 676.

G.S. 97-9 provides: "Every employer who accepts the compensation provisions of this article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee who elects to come under this article for *personal injury or death* by accident *to the extent and in the manner herein specified.*" (Our italics.)

G.S. 97-10.1 provides: "If the employee and the employer are subject to and have accepted and complied with the provisions of this article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative *shall exclude* all other rights and remedies of the employee, *his dependents, next of kin, or representative* as against the employer *at common law or otherwise* on account of such injury or death." (Our italics.)

It is well established by our decisions, based on G.S. 97-9 and

G.S. 97-10.1, that Horney, if he had lived, could not have maintained a common-law action against the Pool Company, his employer, or against Meredith, who was conducting its business. Under the circumstances alleged, a claim against his employer and its insurance carrier under the Workmen's Compensation Act would have been his exclusive remedy. *McNair v. Ward,* 240 N.C. 330, 82 S.E. 2d 85, and cases cited; *Burgess v. Gibbs,* 262 N.C. 462, 137 S.E. 2d 806, and cases cited. As stated in *Gregutis v. Waclark Wire Works,* 92 A. 354 (N.J.), in considering a similar factual situation, "the condition upon which a right of action is given to the personal representatives of a deceased person by the Death Act is not present in the case at bar."

While the foregoing affords sufficient ground for decision that plaintiff cannot recover under G.S. 28-173, our wrongful death statute, we deem it appropriate to discuss plaintiff's contentions.

G.S. 97-40, at the time of Horney's injury and death, provided: "If the deceased employee leaves neither whole nor partial dependents, no compensation shall be due or payable on account of the death of the deceased employee." Hence, the father, the mother and the two sisters or Horney, although his next of kin, were not entitled to an award of compensation on account of his death because they were not wholly or partially dependent upon him.

In *Patterson v. Sears-Roebuck & Co.,* 196 F. 2d 947, the Court of Appeals for the Fifth Circuit affirmed a judgment dismissing the complaint "for want of a statement of a recoverable claim." As stated in the opinion of Chief Judge Hutcheson, the plaintiff, administrator of the estate of a deceased employee, alleged "that decedent left surviving her only a husband, a father, and a brother, no one of whom was in any degree dependent on said decedent, either in fact or within the scope of the definition of dependents as set forth in the Alabama Workmen's Compensation Act, . . ." Decision required consideration of the Workmen's Compensation Act and of the wrongful death statute of Alabama.

It is contended here, as in *Patterson v. Sears-Roebuck & Co., supra,* that, because the surviving next of kin were not wholly or partially dependent upon the decedent and therefore were not entitled to an award under the Workmen's Compensation Act, the plaintiff is entitled to recover damages under the wrongful death statute. In our opinion, for reasons heretofore and hereafter stated, this contention is unsound. Decisions involving substantially the same factual situation as that considered herein and supporting our conclusion include the following: *Gregutis v. Waclark Wire Works, supra; Patterson v. Sears-Roebuck & Co., supra; Chamberlain v.*

*Florida Power Corporation,* 198 So. 486 (Fla.); *Howze v. Lykes Bros.,* 64 So. 2d 277 (Fla.); *Bigby v. Pelican Bay Lumber Co.,* 147 P. 2d 199 (Ore.); *Atchison v. May,* 10 So. 2d 785 (La.); *Neville v. Wichita Eagle,* 294 P. 2d 248 (Kan.); *Shanahan v. Monarch Engineering Co.,* 114 N.E. 795 (N.Y.); *McDonald v. Miner,* 32 N.E. 2d 885 (Ind.); *Treat v. Los Angeles Gas & Electric Corporation,* 256 P. 447 (Cal.). See also, *Liberato v. Royer,* 126 A. 257 (Pa.), *affirmed* in 270 U.S. 535, 46 S. Ct. 373, 70 L. Ed. 719; *McDonnell v. Berkshire St. Ry. Co.,* 137 N.E. 268 (Mass.).

The Workmen's Compensation Act "contemplates mutual concessions by employee and employer; for that reason, its validity has been upheld, and its policy approved." *Winslow v. Carolina Conference Association,* 211 N.C. 571, 579, 191 S.E. 403. "The master in exchange for limited liability was willing to pay on some claims in the future where in the past there had been no liability at all." *Conrad v. Foundry Company,* 198 N.C. 723, 725-726, 153 S.E. 266. Liability based on negligence was eliminated. *Vause v. Equipment Co.,* 233 N.C. 88, 91, 63 S.E. 2d 173.

The opinion in *Howze* contains this succinct statement: "The philosophy of workmen's compensation is that when employer and employee accept the terms of the act their relations become contractual and other statutes authorizing recovery for negligent death become ineffective." In *Chamberlain,* on which *Howze* is based, this thesis is more elaborately discussed and supporting decisions are cited.

Our Workmen's Compensation Act deals expressly with cases where the compensable injury results in death. The remedies provided thereby "exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death." G.S. 97-10.1.

This excerpt from the opinion in Shanahan is pertinent: "A certain liability is imposed for death, and that liability exclusive. No other responsibility is left which springs from the occurrence upon which liability rests — death — and the effect of the compensation as a satisfaction of all other claims is in no way limited or impaired by the circumstances of the identity of the persons to whom it is paid or because in a given case no one survives to take advantage of the statute." As noted in *Schnall v. 1918 Harmon St. Corp.,* 207 N.Y.S. 2d 375: "If the decedent had lived he would have been entitled to a compensation award; and if he had been survived by a dependent, the latter would have been entitled to such an award."

As stated in *Gregutis:* "Since the Workmen's Compensation Act

by its terms repeals all inconsistent legislation, the rights and remedies thereby given are substituted for those theretofore provided by the Death Act. The result is that where, as here, the employee contracts to work under section 2 of the Workmen's Compensation Act, the damages to be paid by the employer in case of death are limited by that act, and an action cannot be maintained in disregard of that act."

As stated in *Patterson:* "Nor is the result . . . that no action could be brought against an employer for death damages where a particular employee has no dependents, of importance in law unless by express provision the statute makes it so. The Legislature could take away all remedy for injuries resulting in death, or condition it as it saw fit. It could provide, as it has done under the Workmen's Compensation Act, and as it does in many death damage cases in other states, for a strictly limited kind of recovery."

As stated in *Chamberlain:* "One of the benefits to the employee is compensation irrespective of the cause of injury, but under our act this does not apply to other than dependents. The right to bring a suit at law for damages for death by wrongful act did not exist at common law. It exists only by virtue of statute. (Citation) It being competent for the legislature to take away this right, it is competent for them to enact that the employee may by contract elect to have damages for injuries or death he may sustain governed by the provisions of the Workmen's Compensation Act."

With reference to *Miller v. Hotel Savoy Co.,* 228 Mo. App. 463, 68 S.W. 2d 929, cited and stressed by plaintiff, we adopt with approval what was said in *Neville v. Wichita Eagle, supra, viz.:* "The above opinion of the Kansas City Court of Appeals need not be reviewed here. That court held in a somewhat similar factual situation that the parents could maintain the action as such action was one not provided for or precluded by the state compensation act. However. in the later case of *Holder v. Elms Hotel Co.,* 338 Mo. 857, 92 S.W. 2d 620, 624, 104 A.L.R. 339, the Supreme Court of Missouri commented on the *Miller* decision saying it did not approve of the expression in the *Miller* case that the phrase 'not provided for by this chapter' meant 'not compensated for by this chapter.' The *Miller* decision is not persuasive here."

Plaintiff cites and stresses *Ivey v. Prison Department,* 252 N.C. 615, 114 S.E. 2d 812, in which a judgment sustaining a demurrer to plaintiff's claim was reversed. The proceeding was instituted before the North Carolina Industrial Commission by an administrator to recover under the Tort Claims Act (G.S. Chapter 143, Article 31) for the death of his intestate, a prisoner, allegedly caused by

the negligence of a named employee of the North Carolina Prison Department. When the Tort Claims Act was enacted, G.S. 97-13, captioned "Exceptions from provisions of article," in pertinent part, provided: "(c) Prisoners.—This article shall not apply to prisoners being worked by the State or any division thereof" unless the results of an injury arising out of and in the course of assigned employment "continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability as defined in this article," and also that "no award other than burial expenses shall be made for any prisoner whose accident results in death." *It was held that plaintiff's asserted claim was authorized by the Tort Claims Act.* Decision turned on the significance of the 1957 amendment to G.S. 97-13(c), *viz.:* "The provisions of G.S. 97-10 shall apply to prisoners and discharged prisoners *entitled to compensation* under this subsection and to the State in the same manner as said section applies to employees and employers." (Our italics.) The Tort Claims Act was not amended. It was held that G.S. 97-13(c), originally and after the amendment, presented "a problem in legal quadratics," and that the plain provisions of the Tort Claims Act were not repealed by "an amendment tucked away in a jumbled and confusing subsection." Too, it was held that the payment of burial expenses was not payment of *compensation* within the meaning of the 1957 amendment. Whether the prisoner, if he had survived his injury, would be entitled to compensation under G.S. 97-13(c) could not be determined until the date of his discharge. Definitely, *nobody*, under any circumstances, was entitled to any compensation under G.S. 97-13(c) on account of his death while a prisoner. We find nothing in *Ivey v. Prison Department, supra,* that would support plaintiff's asserted right of action under G.S. 28-173.

It is noteworthy that acceptance of plaintiff's theory would lead to "the most incongruous results." *Bigby v. Pelican Bay Lumber Co., supra.* In case of fatal injury, no employer would be immune from liability based on negligence. Liability would depend solely upon whether the injured employee perchance was survived by dependents. If so, recovery by dependents would be limited to compensation provided by the Workmen's Compensation Act but non-dependent next of kin could be the beneficiaries of the unrestricted recovery permissible in a wrongful death action. Moreover, for the interval, if any, between compensable injury and death within two years thereafter, see G.S. 97-38, the exclusive remedy of the injured employee would be a claim against his employer and its insurance carrier under the Workmen's Compensation Act. However, in such

case, if plaintiff's theory were accepted, in the event the employee was survived by non-dependent next of kin, the administrator would be entitled to maintain an action under G.S. 28-173 on account of death resulting from such compensable injury.

The statutory law in force on August 26, 1964, controls decision on this appeal. It is noted that G.S. 97-40 was amended in 1965 (Session Laws of 1965, Chapter 419) so that, under certain circumstances, the father, mother or sister of a deceased employee, without reference to dependency, would be entitled to receive death benefits under the Workmen's Compensation Act. The fact that Horney's father, mother and sisters, nondependents, happened to be his next of kin, has no significance to decision on this appeal. The asserted basis of plaintiff's theory of recovery would apply equally if Horney's next of kin, nondependents, were remote collateral kin.

For reasons stated, the judgment of the court below is affirmed. Affirmed.

MOORE, J., not sitting.