ODIS FLETCHER KENDRICK v. GLENN WINFRED CAIN AND GEORGE E. HADDOCK.

(Filed 10 July 1968.)

**1. Appeal and Error § 42—**

Where the "Statement of Case on Appeal" contains a statement that the action is for the loss of services of plaintiff's minor son, but the complaint alleges a cause of action for personal injuries and the wrongful death of the son, the allegations of the complaint are controlling as to the nature of the action.

**2. Death § 3—**

A father may not maintain an action in his individual capacity for the wrongful death of his minor son, and demurrer to a complaint alleging such a cause of action is properly sustained.

**3. Parent and Child § 4—**

If a minor. child is injured by the wrongful act or omission of another and death is instantaneous, the father may not recover damages for the loss of services of the child.

**4. Pleadings § 33—**

A defective statement of a good cause of action may be cured by amendment, but a statement of a defective cause of action may not.

**5. Same;    Death § 3—**

A complaint by a father in his individual capacity seeking to recover for the wrongful death of his minor son states a defective cause of action and not a defective statement of a good cause of action, since such an action may only be brought by a personal representative, G.S. 28-173, and plaintiff's motion to amend his complaint to allege loss of services and funeral expenses is properly denied.

**6. Pleadings §§ 26, 33—**

Where there is a defective statement of a good cause of action, the complaint is subject to amendment and the action should not be dismissed until the time for obtaining leave to amend has expired, G.S. 1-131, but where there is a statement of a defective cause of action, final judgment dismissing the action should be entered.

APPEAL by plaintiff from *Exum, J.,* 2 January 1968 Civil Session of RANDOLPH Superior Court.

Plaintiff, in his individual capacity *as father* of a 20-year old minor, seeks to recover of the defendants for the alleged wrongful death of Jimmy Ray Kendrick, his minor son. Plaintiff also alleges that his son suffered extensive head injuries and lacerations of the face and forehead "which would have caused him extreme pain," and plaintiff seeks to recover for personal injuries to his son.

Defendant Cain before answering filed a written demurrer, asserting that plaintiff in his individual capacity does not have a right to sue and therefore does not allege a cause of action.

Defendant Haddock before answering filed a written demurrer, asserting that plaintiff has alleged no cause of action and does not have a right to sue. Defendant Haddock further asserts that "Odis Fletcher Kendrick, Administrator of the Estate of Jimmy Ray Kendrick" in a wrongful death action against these two defendants, which was tried 3 April 1967, recovered of the defendant Haddock a judgment for $10,000 which has been paid.

From a judgment sustaining the demurrers, dismissing the action, and denying plaintiff's motion to amend the complaint, plaintiff appeals to the Court of Appeals.

*John Randolph Ingram for plaintiff-appellant.*

*Jordan, Wright, Henson & Nichols by William B. Rector, Jr., for defendant-appellee Glenn Winfred Cain.*

*Smith, Moore, Smith, Schell & Hunter by Stephen Millikin and Larry B. Sitton for defendant-appellee George E. Haddock.*

MALLARD, C.J. The pertinent allegations of the complaint, briefly stated, are that plaintiff's minor son, Jimmy Ray Kendrick, on 8 December 1965 died as the result of injuries sustained in a collision between a pickup truck, in which he was a passenger, being operated by the defendant Haddock and an automobile being operated by the defendant Cain; and that alleged negligence on the part of each of the drivers constituted a proximate cause of the accident. Jimmy Ray Kendrick was pronounced dead on arrival at Randolph Hospital. Plaintiff further alleges that at such time the decedent was twenty years of age, lived with his father and mother and had average monthly earnings in the sum of $332.00. The complaint contains no other allegations in connection with loss of prospective earnings; no allegation whatever is set forth with respect to funeral expenses.

On page two of this record there appears a "Statement of Case on Appeal," the first sentence reading, "This is a civil action instituted by the plaintiff for the *loss of services* of a minor son growing out of the wrongful death of Jimmy Ray Kendrick arising out of an automobile collision." This statement seems to be contradicted by paragraph XVII of plaintiff's complaint which reads:

"As a proximate result of defendants' negligence, plaintiff has suffered damages and loss for the personal injury and wrongful death of his minor son in the amount of twenty-five thousand and no/100 ($25,000.00) dollars for the personal injury and wrongful death of his minor son, Jimmy Ray Kendrick."

The attorneys for the parties entered into the following stipulation which appears at the end of the record on appeal:

"It is stipulated and agreed that the foregoing shall be and is the statement of case on appeal to the Court of Appeals of North Carolina."

In this stipulation the term "statement of case on appeal" relates to the entire record on appeal instead of relating to the single paragraph on page two of the record entitled, "Statement of Case on Appeal."

The "Statement of Case on Appeal" on page two of the record appears to be used as a brief introduction to the record on appeal. This is not required under Rule 19(a) of the Rules of Practice in the Court of Appeals.

In this case this "Statement of Case on Appeal" appearing on page two of the record on appeal contains a statement as to the nature of the cause of action which is not supported by the complaint. We hold that the allegations in the complaint are controlling and that the cause of action alleged is one for personal injuries to, and for the wrongful death of, Jimmy Ray Kendrick. The plaintiff, in his individual capacity as father of the deceased, cannot maintain this action.

The Court did not commit error in allowing the demurrers of the defendants. G.S. 28-173; *Horney v. Pool Company*, 267 N.C. 521, 148 S.E. 2d 554; *White v. Comrs. of Johnston*, 217 N.C. 329, 7 S.E. 2d 825.

Even if we could view the complaint as alleging a cause of action for loss of services of his minor son, the allegation that the son was dead on arrival at the hospital after sustaining injuries would defeat a recovery. It is the law in North Carolina that if a minor child is injured by the wrongful act or omission of another, and death is instantaneous, the father does not have the right to recover damages for the loss of services of such child. *White v. Comrs. of Johnston, supra.*

Plaintiff contends that his motion to amend his complaint to allege loss of services and to recover funeral expenses should have been allowed. In North Carolina it is well settled that there is a distinction between a defective statement of a good cause of action, which may be amended, and a statement of a defective cause of action, which may not be amended. We hold that the plaintiff has stated a cause of action that only a personal representative could bring under the provisions of G.S. 28-173, and therefore, he has stated a defective cause of action and not a defective statement of

a good cause of action. It follows and we so decide that the judgment of Judge Exum denying the motion to amend is correct. In *Mills v. Richardson*, 240 N.C. 187, 81 S.E. 2d 409, Justice Bobbitt, speaking for the Court, said, "Where there is a defective statement of a good cause of action, the complaint is subject to amendment; and the action should not be dismissed until the time for obtaining leave to amend has expired. G.S. 1-131. *But where there is a statement of a defective cause of action, final judgment dismissing the action should be entered.*" (Emphasis added.)

The judgment of the court sustaining the demurrers, dismissing the action, and denying plaintiff's motion to amend is

Affirmed.

BROCK and PARKER, JJ., concur.