**STATE of Missouri ex rel. Ron SPEER, Relator,**

v.

**Honorable Stanley A. GRIMM, Judge of the Circuit Court of Cape Girardeau County at Cape Girardeau, Missouri, Respondent.**

No. 41887.

Missouri Court of Appeals, Eastern District, Division Three.

April 29, 1980.

John L. Oliver, Jr., Oliver, Oliver & Jones, P. C., Cape Girardeau, for relator.

R. Charles Leible, Jr., Drumm & Leible, Sikeston, for respondent.

PER CURIAM.

Relator filed a Petition for Writ of Prohibition requesting us to issue a Writ of Prohibition "commanding respondent (Circuit Judge) to dismiss said action, sustain the Motion for Summary Judgment, and to refrain from proceeding further herein. . . . " We issued a preliminary writ on July 26, 1979. We did so improvidently and we hereby quash the preliminary writ.

In the Circuit Court of Cape Girardeau County, Plaintiff filed a petition for damages against both relator and Robert Dole, d/b/a Jungle Jim Memorial Pet Shop, alleging that the two were general partners. Plaintiff alleged that he sustained personal injury when the plate glass window of the business fell out of its frame and injured him. The owner of the building was also sued.

Relator responded to the petition with a motion for summary judgment. He alleged in an affidavit that he was a limited partner who "never took part in nor participated in the management or operation of the business nor controlled or attempted to control the operation thereof." The plaintiff did not respond to the motion.

Subsequent thereto the court made the following entry in its docket sheet:

Motion of defendant Ron Speer taken up. Court announces its intention to overrule said motion unless an appropriate court enters its order within fifteen (15) days requiring this court to take different action on said motion. Basis for this courts [sic] expected ruling is that this court believes that the limited partnership act does not preclude a tort action against both general and limited partners.

An order denying a summary judgment is interlocutory and neither final nor appealable. *Wilson v. Hungate*, 434 S.W.2d 580, 583 (Mo.1968). It is not res judicata. *Fraser v. Doring*, 130 F.2d 617, 623 (D.C.Cir.1942). In fact, it is subject to later review by the court "[a]nd if good reason is shown why the prior ruling is no longer applicable or for some other reason should be departed from, the court can and should entertain a renewed motion for summary judgment in the interest of effective judicial administration." 6 Moore's Federal Practice, § 56.14[2] at 2259 (2d ed. 1978).

Prohibition is an extraordinary writ and is not to be used as a substitute for appeal. It does not lie as a rule for grievances which may be redressed in the ordinary course of judicial proceedings by other remedies provided by law. *State ex rel. Uskali v. Snodgrass*, 524 S.W.2d 888, 889 (Mo.App.1975).

Our legislature has not seen fit to provide for interlocutory appeals. Such appeals are permissible under the federal code and in some states. We believe that we should sparingly use a writ to review an order denying a motion for summary judgment and limit its use to cases where extraordinary and compelling reasons exist to warrant such relief. The cases must necessarily be decided on a case by case basis.[1]

In *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141 (Mo.App.1974), we made absolute the preliminary writ prohibiting the trial court from overruling a motion for a summary judgment. There, we determined the motion for summary judgment addressed itself to the pleadings. Here, we are confronted with the denial of a motion for summary judgment which required documents beyond the pleadings. We find no "extraordinary or compelling" circumstances here requiring us, in effect, to order respondent to sustain a motion for summary judgment.

The preliminary writ was improvidently issued and is hereby quashed.

All Judges concur.

---

1. We find very few cases from other jurisdictions where appellate courts have determined that orders denying motions for summary judgments are subject to review by extraordinary writs such as certiorari, mandamus, or prohibition. *See* Annot. 15 A.L.R.3d 899 (1967).