**STATE of Missouri ex rel. RISS INTERNATIONAL CORPORATION, Relator,**

**v.**

**The Honorable James L. SANDERS, Respondent.**

No. 41878.

Missouri Court of Appeals, Eastern District, Division Three.

July 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied Oct. 15, 1980.

Joseph M. Kortenhof, Amy R. Reichman, Kortenhof & Ely, St. Louis, for relator.

James F. Koester, Kenneth D. Koester, James F. Koester, Inc., St. Louis, for respondent.

REINHARD, Judge.

Relator is one of the defendants in a wrongful death action brought by Connie Ortwig and Julie Ann Ortwig, minors, by their next friend. In that action, they allege that their mother was killed as the result of an accident wherein a tractor–trailer driven by relator's employee struck a bridge abutment. In its answer, relator contends that the mother was its employee and that she was subject to the Missouri Compensation Act, Chapter 287 RSMo 1969 (section 287.120(2)) and therefore the children's cause of action for wrongful death was barred as a matter of law.

The record before us reveals that the accident occurred in Indiana on May 25, 1977. On June 30, 1977, the children filed a claim for compensation with the Missouri Division of Workmen's Compensation alleg-

ing that Rhonda McGhee was killed while "driving with fellow employee driver." The wrongful death action was filed on May 23, 1978, and relator timely filed an answer. On March 26, 1979, relator filed an amended answer to the workmen's compensation claim wherein it stated that Rhonda McGhee was its "statutory employee" when she was involved in the May 25, 1977 accident.

Subsequent to that date, relator filed motion for summary judgment with supporting affidavits in the wrongful death action. The motion contended that there was no issue of material fact and that as a matter of law "defendant (relator) is entitled to summary judgment for the reason that the petition arises out of an occurrence for which Workmen's Compensation benefits were claimed . . . ." On July 11, 1979, the court granted the motion. However, on July 13, 1979, plaintiff's motion to set aside was sustained and relator's motion for summary judgment overruled.

Relator subsequently filed an application for writ of prohibition and we issued a preliminary writ. As stated in its brief, relator's position is as follows:

The respondent judge exceeded his jurisdiction in overruling relator's Motion for Summary Judgment since both relator and plaintiffs admitted in the workmen's compensation proceeding that the decedent was relator's employee and the unchallenged affidavits so state and by reason thereof the Division of Workmen's Compensation has exclusive original jurisdiction of the subject matter herein.

For support, relator relies on the following portions of Section 287.120:

1. Every employer . . . shall be released from all other liability therefor whatsoever, whether to the employee or any other person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

Relator also relies on cases holding that the Workmen's Compensation Act is wholly substitutional in character and that any rights which a plaintiff may have at common law are supplanted and superseded by the Act. *McKay v. Delico Meat Products Co.*, 351 Mo. 876, 174 S.W.2d 149, 155 (Mo. 1943); *Sheen v. DiBella*, 395 S.W.2d 296, 298 (Mo.App.1965). Citing the following cases wherein the appellate courts have granted writs of prohibition, relator attempts to persuade us that we should make permanent this writ: *State ex rel. Lumbermens Mut. Cas. Co. v. Stubbs*, 471 S.W.2d 268 (Mo. banc 1971); *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141 (Mo. App.1974); *State ex rel. Travelers Indemnity Co. v. Swink*, 440 S.W.2d 152 (Mo.App. 1969).

The principles involved in a summary judgment have been fully expressed in many cases. *E. g., Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978). We recently discussed the use of the extraordinary writ of prohibition wherein motions for summary judgment have been denied. *State ex rel. Speer v. Grimm*, 599 S.W.2d 67 (Mo.App.1980). We determined in *Grimm* that we should "sparingly" use a writ to review an order denying a motion for summary judgment. *Id.* at 69. As we stated in *Grimm*, we are aware of our making absolute the preliminary writ of prohibition in *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141 (Mo.App.1974), but there the motion for summary judgment addressed itself to the pleadings.

A dismissal of plaintiffs' petition by the trial court would have been inappropriate. Section 287.120(1) and (2) does not prohibit the filing of the wrongful death action at the same time a workmen's compensation claim is pending. In *State ex rel. Kan. City Stock Yards v. Clark*, 536 S.W.2d 142 (Mo. banc 1976), the Supreme Court said: "Plaintiffs say they could not file a suit in Missouri until the compensation claim was concluded. We do not agree . . . . There could only be one recovery but both matters could have been pending at the same time." *Id.* at 146. The harsh result in our recent

case of *Langendoerfer v. Hazel*, 601 S.W.2d 290 (Mo.App.1980), highlights the advisability of the filing of a separate action under the circumstances existing in this case. In *Langendoerfer*, claimant filed a claim with the Division of Workmen's Compensation which denied the claim on the ground that the injury was not caused by an accident. She then filed the common law action almost seven years after the accident. The trial court dismissed it on the ground that it was barred by the statute of limitations. There, we held that the filing of the workmen's compensation claim did not toll the statute.

Here, this action was filed two days short of one year after the accident. Relator's amended answer in the workmen's compensation proceeding, admitting apparently for the first time that it was the statutory employer, was filed almost two years after the accident. The record reveals that no final determination has been made in the workmen's compensation proceeding. The trial court properly refused to dismiss the wrongful death action.

Preliminary writ quashed.

DOWD, P. J., and CRIST, J., concur.