**Leon COMBS and Esther Combs, Appellants,**

v.

**CITY OF MARYVILLE, Missouri, Respondent.**

**No. WD 31421.**

Missouri Court of Appeals, Western District.

Dec. 2, 1980.

Hugh D. Kranitz, St. Joseph (Kranitz & Kranitz, St. Joseph, of counsel), for appellants.

Robert Alexander Brown, St. Joseph (Brown, Douglas & Brown, St. Joseph, of counsel), for respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and SWOFFORD, JJ.

PRITCHARD, Judge.

. The issue is whether appellants' exclusive remedy for compensation for the alleged wrongful death of their twenty–five year old daughter is under the Workers' Compensation Law. Agreeing that it was, the trial court sustained respondent's motion to dismiss appellants' petition on that basis.

The petition alleged that appellants' daughter, Vera Combs, met her death as an employee of respondent when an excavation for the construction of a sewer line respondent was constructing collapsed upon her. The various allegations of negligence, paraphrased, were that respondent failed to shore up the excavation; that it allowed decedent and others to enter an area of known danger of the likelihood and possibility of the collapse of the excavation; and

that it began and continued to excavate the trench without proper tools, experience or ability necessary to complete the job.

Appellants' point is that the Workers' Compensation Act "does not apply to the case at bar in that the parents of a deceased employee *who are not dependent* upon him, either totally or partially, are not provided 'rights and remedies' by the Workmen's Compensation Act and are thus excluded therefrom." [Italics added.]

§ 287.120, subsection 1, referred to in *Sharp v. Producers' Produce Co.*, 226 Mo. App. 189, 47 S.W.2d 242, 243 (1932), as the "release clause", is: "Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from other liability therefor whatsoever, whether to the employee or any other person. The term 'accident' as used in this section shall include, but not be limited to, injury or death of the employee by any person."

Subsection 2 of § 287.120 is: "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death [in the *Sharp* case, supra, the foregoing clause is called the "exclusion clause"] *except such rights and remedies as are not provided for by this chapter.*" This latter italicized clause is referred to in the *Sharp* case as the "exception clause."

In *Sharp,* plaintiff brought a common-law action for damages for loss of services, companionship, etc., for his wife who had, because of injuries sustained in the course of her employment, received workmen's compensation from defendant, her employer. Defendant's answer set up the Workmen's Compensation Act as a bar to the action, and the trial court sustained its motion for judgment on the pleadings. The husband contended that his action was not "provided for" under the act (the "exception clause"). The court, in affirming the judgment, rejected that contention saying, first, at 47 S.W.2d page 244[3, 4], "But plaintiff argues that the exception clause limits the preceding clauses and preserves the rights of the husband at common law because the common–law right of the husband is not 'provided for.' We do not understand the words 'provided for' to mean 'compensated for.' It is common legal parlance to refer to different parts of a statute as 'provisions' thereof. * * * One definition of the word 'provide' as found in Webster's New International Dictionary, is 'to stipulate.' It is in that sense we believe the Legislature used the words 'provided for' in the exception clause. It follows that, if a right or remedy be completely destroyed by the act, it would be 'provided for' or 'prescribed' or 'defined,' as we interpret those words", and then at 47 S.W.2d page 244[5], "it is our opinion the release clause and the exclusion clause were intended to take away this common–law right of the husband. * * * Plaintiff's contention would result in placing the Legislature in the absurd position of saying in one breath, so to speak, that the husband's sole common–law right to recover for loss of services of his wife is destroyed and in the next breath, by said exception, saying we do not intend that this shall include his common–law rights. * * * Recognizing the rule that different portions of an act should be harmonized, if possible, we think the exception clause referred to other portions of the act which by their terms do not 'provide for' the 'employee, his wife, her husband, parents,' etc." (listing certain employments not covered under the *then* act: farm labor, employment not on the employer's premises, certain employments of minor employees; employees whose salaries exceed $3,600 per year; employees who have contracted occupational diseases or engaged in interstate commerce). [Note that present § 287.090, RSMo 1978, reduces exclusions of coverage to farm labor employment, domestic servants in private homes including family chauffeurs, or occasional labor performed for and related to a private household.]

*Miller v. Hotel Savoy Co.*, 228 Mo.App. 463, 68 S.W.2d 929 (1934), was a case in which the court predecessor to this (the former Kansas City Court of Appeals) allowed a recovery by parents for the wrongful death of their minor son in the face of defendant's contention that it had complied with the provisions of the workmen's compensation act and that deceased was subject to the act. In connection with the then § 3301, RSMo 1929, which is the same as Subsection 2 of § 287.120, supra, the *Miller* court considered § 3319, RSMo 1929, providing for $150 burial expenses for a deceased employee and its last sentence, "if the deceased employee leaves no defendants the death benefit in this subsection provided shall be the limit of the liability of the employer *under this chapter* on account of such death." (Italics the *Miller* court's.) [This provision is almost the same as present § 287.240, RSMo 1978, providing for burial expenses not exceeding $2,000.] The *Miller* court found there was no provision in the Workmen's Compensation Act for any *compensation* to the parents of minors who are employed unless the parents were total dependents of the minor, apparently giving weight to the above italicized words "under this chapter." The case of *Holder v. Elms Hotel Co.*, 338 Mo. 857, 92 S.W.2d 620 (1936), in affirming a judgment denying a husband's claim for loss of services, (etc.) of his wife, who was covered by the Workmen's Compensation Act, said at 92 S.W.2d page 624, "However, we do not approve of the expression in that case (*Miller*, supra) that the phrase 'not provided for by this chapter' found in section 3301, means 'not compensated for by this chapter.'"

Other later cases have touched upon the issue. In *Brown v. Gamble Const. Co.*, 537 S.W.2d 685 (Mo.App.1976), plaintiff brought an action for the wrongful death of her husband against Gamble who was the general contractor on the construction of a Target Store. Decedent's employer, the Southside Roofing Company, was Gamble's subcontractor. Under these facts the court said no other conclusion was possible but that the deceased employee was the statutory [287.040(4)] employee of Gamble, and

the trial court should have directed a verdict for it. The court said further, 537 S.W.2d page 689, "if the evidence shows, as a matter of law, that plaintiff was a statutory employee of the defendant, the trial court should direct a verdict for defendant, for then plaintiff's exclusive remedy is under the Workmen's Compensation Act. When the Act is applicable it supersedes any right plaintiff might otherwise have had to maintain a common law action." For the same statement, see *Crain v. Webster Elec. Cooperative*, 568 S.W.2d 781, 787[4, 5] (Mo.App.1978), where a father sought to maintain a wrongful death action under § 537.080, for the death of his minor son, who was employed by Frazier Brothers, Inc., which was in the business of constructing and rebuilding power lines, not ordinarily working on electric lines which were "hot" or energized. Decedent was killed when he came into contact with Webster's power line. Webster defended upon the ground that decedent was a borrowed servant subject to the Workmen's Compensation Act exclusively. The court held that the evidence did not establish as a matter of law that decedent was a statutory employee by reason of being a borrowed servant. The case was otherwise reversed and remanded for error in giving plaintiff's instructions.

Note also the case of *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss*, 588 S.W.2d 489 (Mo.banc 1979), where an alleged tort–feasor attempted to bring in a decedent's employer for contribution under the relative fault indemnity theory of *Missouri Pacific Railroad Company v. Whitehead & Kales Company*, 566 S.W.2d 466 (Mo.banc 1978). The court ruled that the third party petition was correctly dismissed, saying in construing § 287.120.1, at page 490, "The statute, supra, is clear and unambiguous. It operates to release the employer from all other liability."

In *Musielak v. International Shoe Company*, 387 S.W.2d 217, 221[2, 3] (Mo.App.1965), it was said, "The Workmen's Compensation Act of this state is not cumulative or supplemental but is wholly substitutional and

if applicable, constitutes the plaintiff's exclusive remedy. (Citing cases.)" See also *Sheets v. Hill Bros. Distributors, Inc.*, 379 S.W.2d 514 (Mo.1964).

The reasoning in the *Sharp* case, supra, is sound. Appellants are "provided for" by subsection 1 of § 287.120, supra, in that the employer is *released* from liability, and by subsection 2, the rights and remedies granted to an employee and his parents, at common law or otherwise are *excluded*. The *exception* clause does not mean "not compensated for", and can refer only to those employments specifically excluded from coverage under the Act (§ 287.090), those where the employee sustains a non–accidental injury on the job, or those where the injury was suffered while not engaged in the course of his employment, or the like. *Miller v. Hotel Savoy Co.* is out of line with the rationale of other cases above cited; it should not be followed, and it is therefore overruled.

In consideration of its grant of benefits to an employee coming within the coverage of the Workers' Compensation Act, the Legislature has required that employers be released from all other liability, and that the employee and those claiming under or through him, including parents, be excluded from all other rights and remedies. Had the Legislature desired to allow other actions to those not *compensated* for under the Act, it could have so provided.

The judgment is affirmed.

All concur.