Janet C. ARY et al.,
Plaintiffs-Appellants,

v.

MISSOURI PORTLAND CEMENT COM-
PANY, Defendant-Respondent,

Hammermills, Inc., and Litton Industrial
Products, Inc., Defendants.

No. 42481.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 10, 1981.

Stephen H. Ringkamp, Hullverson, Hull-
verson & Frank, Inc., St. Louis, for plain-
tiffs-appellants.

Ralph C. Kleinschmidt, Evans & Dixon,
Richard A. Mueller, St. Louis, Edward K.
Fehlig, Clayton, for defendant-respondent.

GUNN, Judge.

The single issue in this appeal is whether
Missouri's Workmen's Compensation Law,
Chapter 287, RSMo 1978[1] provides a suffi-
cient bulwark to resist the claim of a dece-
dent employee's children lodged under
§§ 537.180 and 537.230 concerning actions
against mine owners or operators for injury
or death of an employee. The trial court
dismissed such a claim after the employer
mine operator asserted workmen's compen-
sation as a defense. We affirm.

Roger Ary was employed by Missouri
Portland Cement Company and was killed
in the course of his employment when
struck by an object propelled from a shale
crusher on which he was working. Plain-
tiffs, Mr. Ary's minor children, were award-
ed workmen's compensation benefits, as
was his wife. Subsequently, plaintiffs and
Mr. Ary's wife filed a four count action
against Hammermills, Inc. and Litton In-
dustrial Products, Inc. on a products liabili-
ty claim. A fifth count was brought
against Missouri Portland, based on §§ 537.-

1. Statutory references are to RSMo 1978 unless
otherwise indicated.

180 and 537.230, which authorize actions against mine owner-operators for injury or death of an employee caused by the negligence of fellow servants. On motion by Missouri Portland, the trial court dismissed the count against it for the reason that plaintiffs were receiving benefits under workmen's compensation, held to be Missouri Portland's exclusive liability. This dismissal became a final, appealable order upon the dismissal of the counts against the other defendants for lack of venue.

Plaintiffs' count against Missouri Portland alleged that it was a mining company within the meaning of § 537.180 and that Mr. Ary died by reason of injuries incurred "while engaged in employment incident to such mine operations" as a direct result of specific acts of negligence by his fellow employees at Missouri Portland.

Missouri Portland advances the Workmen's Compensation Law as plaintiffs' exclusive remedy and a bar to recovery. Plaintiffs argue that workmen's compensation does not preclude their actions; that the sequence of enactment of the statutes indicates that the mine operators' liability was supplemental to workmen's compensation.

Section 287.120.1 and .2 of the Workmen's Compensation Law provide:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

Missouri Portland refers to subsection .2 and the case law construing it in support of its position that workmen's compensation provides plaintiffs' exclusive remedy against it. But plaintiffs insist that the language of subsection .2—"except such rights and remedies as are not provided for by this chapter"—permits them to bring this additional action. They argue that the right to pursue the liability of a "fellow servant" for negligently caused injuries is a right or remedy not provided for by chapter 287, citing *Lamar v. Ford Motor Co.*, 409 S.W.2d 100 (Mo.1966). Thus, so maintain the plaintiffs, chapter 287 does not exclude coverage under § 537.180.[2]

Section 537.180, upon which plaintiffs rely provides in relevant part:

[E]very person, company or corporation operating a mine or mines in this state producing lead, zinc, coal or other valuable minerals shall be liable for all damages sustained by any agent or servant thereof . . . while engaged in operating such mine or mines by reason of the negligence of any other agent or servant thereof; provided, that it may be shown in defense that the person injured was guilty of negligence contributing as a proximate cause to produce the injury.

The forerunner of § 537.180 was originally enacted in 1897 but applied only to railroads. § 2873, RSMo 1899. A similar statute applicable only to mining operators was enacted in 1907. § 5440, RSMo 1909. These statutes were carried forward as §§ 3665 and 3672, respectively, in RSMo 1939. But in 1949, the legislature repealed the two sections and enacted in their place the present § 537.180 which, in one section, provides a cause of action against either a

2. Section 537.230 limits recovery for death of an employee to $10,000.

railroad or mining operator. The Workmen's Compensation Law became effective in 1926, and plaintiffs contend that the subsequent reenactment of § 537.180 indicates that the legislature intended § 537.180 to supplement workmen's compensation benefits. They reason that because § 537.-180 applies specifically to mining operators it should prevail over the more general workmen's compensation provisions, citing *State ex rel. Baker v. Goodman*, 364 Mo. 1202, 1212, 274 S.W.2d 293, 297 (banc 1954).

However, plaintiffs are confronted with the consistent position of our courts: when the Workmen's Compensation Law is applicable, it is the complete surrogate for any other liability of the employer. Not only is the employer released from common law liability, *e. g., State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss*, 588 S.W.2d 489 (Mo. banc 1979); *Brown v. Gamble Construction Co.*, 537 S.W.2d 685 (Mo.App.1976), but other specific statutory liability as well. For example, an action under Missouri's Wrongful Death Statute, § 537.090, is precluded if the Workmen's Compensation Law applies. *DeMay v. Liberty Foundry Co.*, 327 Mo. 495, 37 S.W.2d 640 (1931); *Crain v. Webster Electric Cooperative*, 568 S.W.2d 781 (Mo.App.1978); *see also State ex rel. Riss International Corp. v. Sanders*, 604 S.W.2d 632 (Mo.App.1980). And in *Cleveland v. Laclede-Christy Clay Products Co.*, 113 S.W.2d 1065 (Mo.App.1938), it was acknowledged that if workmen's compensation had been in effect at the time of plaintiff's claim, recovery under certain health and safety statutes would have been unavailable. *Id.* at 1071.

But plaintiffs maintain that we must give effect to the last clause of § 287.120.2—"except such rights and remedies as are not provided for by this chapter" —and argue that chapter 287 does not hold the employer liable for injuries caused by the negligence of "fellow servants", whereas § 537.180 does. The Workmen's Compensation Law has, however, been held to provide coverage for injuries caused by the negligence of other employees when the negligent acts arise out of and are in the course of employment. *Cf. Peet v. Garner Oil Co.*, 492 S.W.2d 103 (Mo.App.1973) (injuries sustained during gambol of employees held compensable under workmen's compensation); *Blaine v. Huttig Sash & Door Co.*, 232 Mo.App. 870, 105 S.W.2d 946 (1937) (workman's common law action against employer for negligence of fellow employee held precluded by applicability of Workmen's Compensation Law).

*Lamar v. Ford Motor Co.* (Mo.), 409 S.W.2d 100, cited by plaintiffs, does not hold that an employee may not recover workmen's compensation benefits for injuries negligently caused by a fellow employee. *Lamar* merely recognizes that certain intentional torts or negligent acts of a fellow employee do not arise out of and in the course of employment. *See Person v. Scullin Steel Co.*, 523 S.W.2d 801 (Mo. banc 1975).

Plaintiffs infer that if we find that workmen's compensation is their exclusive remedy that we effectively render § 537.180 superfluous. But that is not so. Forebearing an excursion into a full explanation of the intended application of that section, we note situations in which recovery could be obtained under § 537.180 but not under workmen's compensation. For example, workmen's compensation would be denied in a circumstance in which the injuries were not the result of an "accident". But an action under § 537.180 could be maintained, as that section does not require the injury or death to have been the result of an "accident". *See Harryman v. L & N Buick-Pontiac, Inc.*, 431 S.W.2d 193, 197 (Mo. banc 1968).

In any event, we find that § 537.180 was not intended to provide a supplemental remedy for workmen's compensation benefits. Plaintiffs exclusive remedy was under the Workmen's Compensation Law, and there was no error in dismissing their cause of action based on § 537.180.

Judgment affirmed.

PUDLOWSKI, P. J., and WEIER, J., concur.