Dorothy PAGE, Plaintiff–Appellant,

v.

**CLARK REFINING & MARKETING, INC., and Frank Moll, Defendants–Respondents.**

No. 69097.

Missouri Court of Appeals, Eastern District, Division Four.

July 23, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1996.

Application to Transfer Denied Oct. 22, 1996.

---

David M. Nissenholtz, Cofman, Townsley, Nissenholtz & Weinstein, Michael A. Gross, St. Louis, for Appellant.

William D. Hakes, Thompson & Mitchell, St. Louis, for Respondents.

HOFF, Judge.

Dorothy Page (plaintiff) brought this common law action for the wrongful death of her daughter. Plaintiff's petition alleges her daughter, Almetrius Matthews, was killed while working at a service station managed by Frank Moll and owned by Clark Refining & Marketing, Inc. (defendants). The allegations of negligence were defendants failed to provide adequate security devices and training. Defendants filed a motion to dismiss, arguing plaintiff's exclusive remedy for compensation for the alleged wrongful death of her daughter was under the Workers' Compensation Act. The trial court granted defendants' motion, specifically finding it "[lacked] jurisdiction until such time as the Commission makes a finding that the death was beyond the scope of the Act." This appeal followed.

Plaintiff argues on appeal the Workers' Compensation Act does not apply to the case at bar because non-dependent parents of a deceased employee are not provided "rights and remedies" by the Workers' Compensation Act and are thus excluded.

Section 287.120 RSMo 1994 provides in pertinent part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and *shall be released from all other liability therefor whatsoever, whether to the employee or any other person.* The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, *except such rights and remedies as are not provided for by this chapter.*

(emphasis added). Section 287.240 RSMo 1994 provides that if the work-related injury results in death, dependents of the deceased employee are entitled to death benefits and burial expenses. The statute further defines dependent as "a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his or her wages at the time of the injury." § 287.240.(4).

In *Combs v. City of Maryville*, 609 S.W.2d 475, 477 (Mo.App.1980), non-dependent parents brought a wrongful death action for their daughter who died as a result of injuries sustained in the course of her employment. Employer's answer set up the Workers' Compensation Act as a bar to the action, and the trial court sustained its motion to dismiss the parents' petition. On appeal, the parents contended their action was not "pro-

vided for" under the Workers' Compensation Act. The Western District, in affirming the decision of the trial court, rejected that contention saying it did not understand "provided for" to refer to only those injuries which are "compensated for" under the Workers' Compensation Act. Instead, the Western District reasoned the parents were "provided for" under § 287.120 because subsection one of the statute released employer from liability and subsection two excludes all other rights and remedies, at common-law or otherwise, granted to an employee and to her parents. *Id.* at 478.

■ In this case, we are not called to determine whether plaintiff's exclusive remedy for the alleged wrongful death of her daughter is under the Workers' Compensation Act. Rather, we must decide if the trial court correctly concluded it is the sole jurisdiction of the Labor and Industrial Relations Commission to determine whether plaintiff's cause of action falls within the realm of the Workers' Compensation Act. We find the reasoning in *Combs* is applicable for this purpose and accordingly hold the Labor and Industrial Relations Commission has exclusive jurisdiction to determine whether plaintiff's cause of action is under the Workers' Compensation Act.

The legislature has required that employers be released from all other liability and that the employee and those claiming under or through the employee, including parents, be excluded from all other rights and remedies. If the legislature intended to allow other actions to those not compensated for under the Workers' Compensation Act, it could have so provided. *Id.* The fact such a provision was not incorporated into the Workers' Compensation Act indicates the legislature did not intend such a result. *Baugus v. Director of Revenue,* 878 S.W.2d 39, 41 (Mo. banc 1994).

■ Defendants contend this appeal should be dismissed because they contend the absence of jurisdiction in the trial court precludes jurisdiction of the appeal before this court. This court has jurisdiction of the appeal, although it does not extend to a determination of the appeal on its merits because the trial court did not have subject matter jurisdiction. *American Industrial Resources, Inc. v. T.S.E. Supply Company,* 708 S.W.2d 806, 809 (Mo.App.1986).

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and SIMON, J., concur.