Dorothy PAGE, Plaintiff/Appellant,

v.

CLARK REFINING & MARKETING, INC., Frank Moll and Linda Knouse, Defendants/Respondents.

No. ED 75648.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 28, 1999.

David Nissenholtz, Michael A. Gross, St. Louis, for appellant.

James W. Erwin, William D. Hakes, St. Louis, for respondents.

KENT E. KAROHL, Judge.

Plaintiff, Dorothy Page, was the mother of Almetrius Matthews (employee). She sued defendants Clark Refining & Marketing, Inc. (employer), Frank Moll and Linda Knouse, supervisory employees of employer, for the wrongful death of her daughter. She alleged defendants were negligent for failure to provide adequate security to pro-tect her daughter who was shot and killed while working at a Clark service station. She appeals summary judgment for defendants, which the trial court entered after: (1) recognizing that the Labor and Industrial Relations Commission (Commission) had determined the death was an accident within the scope of the Workers' Compensation Act (Act); but (2) plaintiff, as a non-dependent parent of an emancipated daughter was not entitled to recover. This is the third time plaintiff has appealed from adverse rulings on her efforts to recover compensation for the death of her daughter. This appeal requires a decision a procedural matter and then a substantive matter. The first involves a question of whether the judgment was premature because a related decision of the Commission was the subject of a pending appeal and, therefore, not a final decision on an issue upon which the judgment depended upon. The substantive is, did the trial court err, in determining, as a matter of law, that section 287.120 of the Act made the exclusive remedy for the death of an employee a workers' compensation claim where it did not allow a claim by a non-dependent parent of an emancipated child.

Plaintiff argues the judgment was premature because her pending workers' compensation claim, involving the same facts, required a stay of the wrongful death suit. Our Supreme Court and this court have held that the Act does not prohibit the filing of a wrongful death action at the same time a workers' compensation claim is pending. *State ex rel. Kansas City Stock Yards Co. of Maine v. Clark*, 536 S.W.2d 142, 146 (Mo. banc 1976); *State ex rel. Riss International Corp. v. Sanders*, 604 S.W.2d 632, 633 (Mo.App.1980). In the *Riss International Corp.* case, we recognized the advisability of filing a separate civil action in order to protect claimant against a "harsh result," which may occur if a final, adverse decision in the workers' compensation claim is issued after the statute of limitations has run on the related civil suit. *Riss International Corp.*, 604 S.W.2d at 634.

Plaintiff filed a wrongful death suit in 1995. On September 4, 1995, a trial court dismissed the petition after finding the Commission had exclusive jurisdiction to determine whether an occurrence constituted an accident for purposes of the workers' compensation statute. Plaintiff appealed the dismissal. We affirmed. *Page v. Clark Refining & Marketing Inc.*, 930 S.W.2d 33 (Mo.App. E.D.1996) (*Page v. Clark Refining I*).

After our decision in *Page v. Clark Refining I*, an Administrative Law Judge (ALJ) found employee's death arose out of and in the course of employment but claimant, as a non-dependent parent, was not entitled to death benefits under section 2287.240 RSMo 1994. Plaintiff filed an Application for Review which alleged: "[t]he [ALJ] erred in failing to conclude that Claimant's cause of action did not fall within the realm of The Workers' Compensation Act." On September 4, 1998, the Commission granted employer's motion to dismiss the application for review after finding it failed to comply with 8 CSR 20–3.030(3)(A). The regulation requires an applicant to state specifically in the application the reason the findings and conclusions of the ALJ are not properly supported. 8 CSR 20–3.030(3)(A). The Commission held that the Application for Review stated no such reason and was therefore legally insufficient. Plaintiff appealed. On May 18, 1999, we affirmed the dismissal of the Application for Review. *Page v. Clark Refining & Marketing Inc.*, 996 S.W.2d 678 (Mo.App. E.D. 1999) (*Page v. Clark Refining II*).

■ On December 22, 1998 the trial court granted summary judgment for defendants. On that date, *Page v. Clark Refining II* was pending. Plaintiff's procedural argument on appeal is that the summary judgment was premature because on the day it was entered, the determination of the Commission was not a final judgment. Plaintiff's position was succinctly and skillfully presented in the brief she filed in this appeal before our decision in *Page v. Clark Refining II*. Just one month after filing her brief, we affirmed the dismissal of the application for review, which was granted on procedural grounds. *Page v. Clark Refining II*. Because we find the procedural point had merit as presented, we deny defendants' motions for sanctions, which they have requested because plaintiff has persisted in spite of the prior adverse rulings of this court and the Commission.

■ For the same reason, however, we reject plaintiff's claim of procedural error as being without merit and moot. *Page v. Clark Refining II* held that the Commission properly dismissed the application for review. *Page v. Clark Refining II*. The only relief for "any person" because of the death of Almetrius Matthews was under the Act. No useful purpose would be served by re-entry of the same judgment, which was premised on the conclusion plaintiff had no claim under the Act. We may fully dispose of the case by recognizing the judgment was legally sound. Rule 84.14.

Plaintiff's second point argues substantive error:

> [t]he trial court abused its discretion in determining that it lacked jurisdiction over plaintiff's action and in granting defendants' motion for summary judgment on that basis, because the Workers' Compensation Act does not "provide for" non-dependent parents of workers killed on the job, in that the Act does not provide the parents a remedy for the death of their child or provide them with any "rights" under the Act to hold employers liable for the negligent acts which caused that death, and the exclusivity provision of the Act expressly exempts from its purview "such rights and remedies as are not provided for by this chapter."

Every employer subject to the Act must furnish compensation for injury or death of an employee caused by accident arising out of and in the course of employment. Sec-

**388**

tion 287.120.1 RSMo 1994.[1] An employer must pay burial expenses up to a maximum of $5000.00 directly to the persons who supply the burial. Section 287.240. These expenses were paid and are not involved in plaintiff's petition. However, as plaintiff recognizes in her brief, "[w]hen an employee with no dependents is killed as the result of a job related accident, the act does not require the employer to furnish compensation for that death to any of the employee's family members." The issue, therefore, is whether the trial court properly interpreted the provisions of sections 287.120.2. It provides:

> [t]he rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, *except* such rights and remedies as are not provided for by this chapter.

Section 287.120.2 (emphasis added).

We review the issue decided by the Western District of this court in *Combs v. City of Maryville*, 609 S.W.2d 475 (Mo. App.1980). The relevant, basic facts are the same as in our case. In *Combs*, the plaintiffs were non-dependent parents of a city employee who was killed on the job. They attempted a wrongful death action. The trial court dismissed because the exclusive remedy against an employer for death of an employee was under the Act and because of their relationship, the Act provided no benefits. Plaintiffs argued that they were entitled to the statutory wrongful death cause of action because the Act provided no benefits. The *Combs* court rejected that argument and affirmed. Plaintiff argues that "the reasoning in *Combs* was flawed." She contends that the result is adverse to the policies underlying the Act and Missouri tort law because it releases an employer from any liability occasioned by negligent conduct resulting from the death of an emancipat-

ed child. This is not exactly comprehensive because the obligation to pay funeral expenses is not disputed. She relies on the last clause of section 287.120.2 which speaks of an exception to the exclusion of all other claims. Section 287.120.2. She argues that non-dependent parents of an emancipated child are "not provided for" by the Act and, therefore, the exclusive remedy provisions have no application to her claim.

 We conclude that the analysis of the *Combs* court was sound. We agree with the *Combs* conclusion that the words "provided for" do not mean "compensated for." *Combs*, 609 S.W.2d at 476. Thus, the release provisions in section 287.120.1 apply to *any liability whatsoever to any person*, including non-dependent parents, for injury or death caused by accident arising out of and in the course of employment. A remedy for non-dependent parents under the Act will depend upon future legislative considerations. Point denied.

Respondent's motions for sanctions are denied. We affirm summary judgment for defendants.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.

───────────────────────

1. All statutory citations are to RSMo 1994 unless otherwise indicated.