No. 18-0509 – *State ex rel. Universal Underwriters Ins. Co. v. Wilson*

WORKMAN J., dissenting:

**FILED**

**March 8, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

I dissent to the majority opinion based on the presenting issue as to whether the lower court erred in denying Universal's motion for summary judgment because a material issue of fact existed; and because the criteria for use of the extraordinary remedy of prohibition were not present. But my most stringent dissent is to the majority's sweeping expansion of our law on an issue that was neither raised nor briefed at the lower court or in this Court; that was completely unnecessary to resolve this case; and that which is highly likely to have unintended and unjust consequences in other future contexts.

Our existing law on judicial estoppel is correctly stated by the majority as follows:

> Judicial estoppel bars a party from re-litigating an issue when: (1) the party assumed a position on the issue that is clearly inconsistent with a position taken in a previous case, or with a position taken earlier in the same case; (2) the positions were taken in proceedings involving the same adverse party; (3) the party taking the inconsistent positions received some benefit from his/her original position; and (4) the original position misled the adverse party so that allowing the estopped party to change his/her position would injuriously affect the adverse party and the integrity of the judicial process.

*Syl. Pt. 2, W. Va. Dep't of Transp. v. Robertson,* 217 W. Va. 497, 499, 618 S.E.2d 506, 508 (2005).

Instead of simply applying the existing law to achieve its goal of reversing the denial of summary judgment, the majority adventures into creating new law extending the doctrine of judicial estoppel to nonparties. Not only did the facts in this case not warrant such an extension, but the issue was neither briefed nor argued below or before this Court. At the time the circuit court denied summary judgment, both Dan Cava and Dan's Car World, LLC, were parties to this action, along with the Plaintiff below, Christina M. Varvel, administratrix of the estate of David Ralph Allen (hereinafter "Plaintiff"), and Universal Underwriters Insurance Company and Zurich American Insurance Company (hereinafter collectively referred to as "Zurich"). The circuit court did not dismiss Dan Cava and Dan's Car World from the case until *after* it entered the opinion letter denying summary judgment. As the majority opinion indicates, "[i]n an opinion letter dated May 29, 2018, the circuit court denied Petitioners' motion for summary judgment on the coverage issue." And in a footnote, the majority notes that "[i]n a separate opinion letter dated May 30, 2018, the circuit court granted the summary judgment of Mr. Cava and Dan's Car World on the tort claims brought by Respondent [the Plaintiff]." Critically, at the time Dan Cava's deposition was taken, he *was* a party to the litigation. Thus, based upon the majority's conclusion that inconsistent positions were taken in the case, the majority could have reached its desired result by applying our existing law concerning judicial estoppel.

2

Instead, the majority expands the law as follows in a new syllabus point:

> For summary judgment purposes, judicial estoppel may be applied against a litigant to prevent the litigant from using deposition testimony of a nonparty that is not consistent with a position taken by the deponent in a previous case, or with a position taken earlier in the same case. Application of this principle should be rare and only when the integrity of the judicial process is clearly undermined.

Under this syllabus point, at summary judgment, a litigant with a viable fact witness who has indicated one position in written discovery responses in the case, but who has testified inconsistently during a deposition in a completely different proceeding that is determined to be "inconsistent" with the statement in the first proceeding, may be judicially estopped from using the witness. This essentially can result in sanctioning not the person who has made an inconsistent statement, but a litigant who may have nothing to do with the inconsistency. Rather, such an inconsistency on the part of a nonparty witness should more properly be the subject of impeachment on cross-examination, not a complete bar to its use. The majority appears to recognize the unnecessary overreach of the language in this syllabus point suggesting that its application should be "rare and when the integrity of the judicial process is undermined." But what is "rare" and what impacts "the integrity of the judicial process" is pauce guidance for such a sweeping new legal principle. No other limits are placed on this new point of law, leaving whether it applies to expert witnesses an open question.

## Summary Judgment

I now focus on the presenting, and only real, issue in this appeal, i.e. whether the lower court erred in denying summary judgment, especially in light of the fact that reasonable expectations of coverage is inherently a fact-driven issue. *See Keller v. First Nat'l Bank*, 184 W. Va. 681, 685, 403 S.E.2d 424, 428 (1991) (stating that "[a]n action based on a reasonable expectation of insurance usually will raise substantial questions of fact."). This Court has consistently held that summary judgment should not be granted where a genuine issue as to a disputed material fact exists. *See* Syl. Pt. 3, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial.").

> The majority holds in syllabus point two:
>
>> As a general rule, in order for the doctrine of reasonable expectations to be applicable to an insurance contract, there must be an ambiguity regarding the terms of that contract. However, an exception to this general rule occurs when reliable and relevant evidence, extrinsic to the insurance contract, casts a reasonable doubt as to whether coverage was provided by an otherwise unambiguous policy.

In this case, the Plaintiff claims that Dan's Car World was told by its Zurich insurance agent, Scott Beresford, that Salvatore was covered under the insurance issued to Dan's Car World. While Tiffany Moine, Dan's Car World's Rule 30(b)(7) deponent, testified that she did not

4

know what Mr. Beresford specifically told Dan Cava, she also testified that she was made aware by Dan Cava of a conversation between himself and Zurich's agent on adding Salvatore to Dan's Car World's policy. And after that conversation, Mr. Cava was "under the assumption that" Salvatore had been added to the policy. Like Ms. Moine, Dan Cava testified that he had a conversation with Mr. Beresford in which he wanted to add Salvatore to Dan's Car World's policy as a named insured and Mr. Beresford advised him that his son was covered. The positions taken by Dan's Car World and Dan Cava are not inconsistent, as both Dan's Car World and Dan Cava testified regarding a conversation with Mr. Beresford about adding Salvatore as an insured under the Zurich policy issued to Dan's Car World. Conversely, Zurich's agent, Mr. Beresford, did not recall telling Dan Cava that his son was covered under the Dan's Car World policy. Clearly, a genuine issue of a disputed material fact existed, and the circuit court correctly denied summary judgment on that basis. *See id*.

Rule 30(b)(7) Notice

I also take issue with majority finding judicial estoppel in this case based on the "I don't know" answer of Dan's Car World's Rule 30(b)(7) deponent to Zurich's inquiry concerning whether Dan's Car World knew the specifics of the conversation Mr. Beresford had with Dan Cava, because the questions posed were not within the parameters of the items set forth for inquiry in the 30(b)(7) Motion. Rule 30(b)(7) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that "[a] party may in a notice and in a subpoena

5

name as the deponent a public or private corporation or a partnership or association or governmental agency and describe *with reasonable particularity the matters on which examination is requested*." (Emphasis added). The Notice described the following matters on which examination was requested:

> 1. Dan's Car World's purchase of insurance coverage from either Universal Underwriters Insurance Company or Zurich American Insurance Company from 2011 to the present. . . .
> 2. The insurance coverage purchased by Dan's Car World that it contends provides coverage to it with respect to Plaintiffs claims in this lawsuit. . . .
> 3. The insurance coverage Dan's Car World contends provides coverage to Salvatore Cava with respect to the Plaintiffs claims in this lawsuit. . . .

Zurich did not designate with reasonable certainty the specifics of any oral conversations or other oral communications between Dan's Car World and Zurich as even a potential area of inquiry. As a matter of fact, there was nothing in the notice that would place Dan's Car World on notice that it should have presented a witness with knowledge of such alleged oral communications.

This entire issue of the information sought by the Rule 30(b)(7) deponent could have been resolved by subpoenaing Dan Cava for deposition as a fact witness some three years prior to the circuit court denying Zurich's motion for summary judgment. But Zurich failed to do so even though the circuit court invited it to do so both in its denial of

6

Zurich's motion to compel and again in the ruling denying Zurich's motion for summary judgment.

Prohibition Improper

Finally, I am troubled by the majority granting a writ of prohibition in this case by finding that the circuit court, in denying summary judgment, clearly erred as a matter of law *on legal grounds that did not even exist at the time the circuit court rendered its decision*. Similar to what occurred in *State ex rel. State Auto Property Insurance Companies v. Stucky*, 239 W. Va. 729, 806 S.E.2d 160 (2017) (Workman, J., dissenting), this Court is again presented with an insurance company seeking this Court's

> intervention, requesting a writ of prohibition and arguing that the circuit court clearly erred in denying its motion for summary judgment. . . . [A] writ of prohibition is an extraordinary remedy to be utilized in extremely limited instances. Despite this Court's consistent observation that the writ "does not lie for errors or grievances which may be redressed in the ordinary course of judicial proceedings[,]" the majority permits . . . [the insurer] to employ an extraordinary writ as essentially a substitute for appeal in this case. *County Court v. Boreman*, 34 W. Va[.] 362, 366, 12 S. E. 490, 492 (1890). A writ of prohibition is inappropriate in this case, and courts should be exceedingly wary of overindulgence in extraordinary remedies and "should sparingly use a writ to review an order denying a motion for summary judgment and limit its use to cases where extraordinary and compelling reasons exist to warrant such relief." *State ex rel. Speer v. Grimm*, 599 S.W.2d 67, 69 (Mo. Ct. App. 1980).

7

239 W. Va. at 737, 806 S.E.2d at 168 (footnote omitted). The majority, while giving lip service to the factors necessary for this Court to grant a writ of prohibition, fails to offer any reasoning as to how Zurich meets those factors. *See* Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). Succinctly stated, there is nothing "extraordinary" or "compelling" about this case. *See State Auto Prop. Ins. Cos.,* 239 W. Va. at 737, 806 S.E.2d at 168. To the extent that Zurich finds fault with the circuit court's denial of summary judgment, Zurich clearly had other adequate means of seeking relief, first taking the deposition of Dan Cava (as the lower court urged them to do); or by the filing of an appeal. Indeed, any damage or harm that Zurich alleges it may suffer from in allowing this case to go trial is unquestionably correctable in a direct appeal. Most importantly, given the nature of a reasonable expectations of coverage claim, the circuit court's order denying summary judgment due to its determination that material issues of fact exist is simply not clearly erroneous as a matter of law. *See Berger*, 199 W. Va. at 14-15, 483 S.E.2d at 14-15, Syl. Pt. 4.

In my almost twenty-three years as an appellate court judge, one thing I have learned is that the development of new law by a judicial body is a lot better when, like a good stew, it is cooked slowly and thoroughly. The full processing of a new or novel legal issue by its being fully considered by a lower court, a lower court making a ruling, the parties then briefing and arguing the issue at the appellate level results in much sounder law and much

8

fairer results than this Court embarking on creating new law and then granting prohibition because the lower court failed to follow the (as-yet) established law.

By way of analogy, the Supreme Court of the United States stated in *Singleton v. Wulff*, 428 U.S. 106 (1976), that

> [i]t is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below. *In Hormel v. Helvering*, 312 U.S. 552, 556, 61 S.Ct. 719, 721, 83 L.Ed. 1037 (1941), the Court explained that this is "essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues . . . (and) in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence."

*Singleton*, 428 U.S. at 120; *see also Michael v. Appalachian Heating, LLC*, 226 W. Va. 394, 409, 701 S.E.2d 116, 131 (2010) (McHugh, J., concurring, in part, and dissenting, in part) (stating that "[t]he question presented by the lower court was limited . . . . Not only did the majority go beyond what was necessary to resolve the question presented, but it failed to properly tailor the new point of law to the statutory language upon which it expressly relies as authority for a third party cause of action[,]" and further noting that "the majority adopted an overly-broad new point of law" and that the majority went "beyond what was necessary to resolve the question presented[.]").

For the foregoing reasons, I respectfully dissent.

9